# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| DEMI KOSTKA and VINCENT JEAR, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-3424-K |
| | Hon. Ed Kinkeade |
| Plaintiffs, | |
| v. | CLASS ACTION |
| DICKEY'S BARBECUE RESTAURANTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| This filing relates to: | |
| LATORSHA ADAMS, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-03603-K |
| | CLASS ACTION |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| DICKEY'S BARBECUE RESTAURANTS, INC., and DICKEY'S CAPITAL GROUP, | |
| Defendants. | |

| | |
|---|---|
| This filing relates to: | No. 3:21-cv-00137-K |
| TAMMY JEARY, GABRIELLE MCGUIRE, and JENNIFER ROY, individually and on behalf of all others similarly situated, | |
| | CLASS ACTION |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| DICKEY'S BARBECUE RESTAURANTS INC., d/b/a Dickey's Barbecue, and DICKEY'S CAPITAL GROUP INC., | |
| Defendants. | |

**MOTION AND INCORPORATED BRIEF IN SUPPORT
OF MOTION FOR CONSOLIDATION PURSUANT TO
FED. R. CIV. P. 42 AND APPOINTMENT OF INTERIM CO-LEAD
COUNSEL AND LIAISON COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

Pursuant to Rules 23(g) and 42 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned actions, *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-03424-K ("*Kostka*") and *Adams v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-03603-K ("*Adams*") (together "Plaintiffs"), submit this motion and incorporated brief requesting entry of an order consolidating *Kostka*, *Adams,* and *Jeary v. Dickey's Barbecue Restaurants, Inc*., No. 3:21-cv-00137-K ("*Jeary*") (collectively, the "Actions"), and appointing Benjamin F. Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("CSK&D"), Ben Barnow of Barnow and Associates, P.C. ("B&A"), and John A. Yanchunis of Morgan & Morgan Complex Litigation Group ("M&M") as Interim Co-Lead Counsel in this consumer data breach class action lawsuit. Plaintiffs further seek appointment of Bruce W. Steckler of Steckler Wayne Cochran Cherry PLLC ("SWCC") as Liaison Counsel.

Plaintiffs have conferred with counsel for Defendants Dickey's Barbecue Restaurants, Inc. and Dickey's Capital Group, Inc. (together, "Dickey's"), who do not oppose consolidation for pretrial purposes, but oppose consolidation for all purposes and the appointment of plaintiffs' interim lead counsel. Plaintiffs also conferred with plaintiffs' counsel in the *Jeary* matter, who do not oppose consolidation, but oppose the appointment of the leadership structure proposed in this motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, Dickey's announced that its payment processing system was compromised by criminals for approximately thirteen months between July 2019 and August 2020 (the "Data Breach"). Plaintiffs allege that despite numerous well-publicized data breaches

at large national retail and restaurant chains in recent years, Dickey's failed to employ adequate security measures to properly protect its customers' sensitive financial and non-public information, including credit and debit card numbers, cardholder names, card expiration dates, and other card information ("Card Information"). Plaintiffs allege that, as a result of Dickey's' failure to properly safeguard this information, an estimated 3 million of its customers, including Plaintiffs and putative class members, had their sensitive Card Information exposed to criminals. Plaintiffs assert claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, and violations of state consumer protection laws, including violations of the California Unfair Competition Law and the California Consumer Privacy Act of 2018 ("CCPA").

On November 16, 2020, Mr. Johns and Mr. Barnow filed the *Kostka* action in this Court. *See Kostka*, ECF No. 1; *see also* Decl. of Benjamin F. Johns ("Johns Decl."), ¶ 2. On December 3, 2020, Mr. Yanchunis and Mr. Steckler filed the *Adams* action in the Dallas County Court. The *Adams* action was removed to this Court on December 9, 2020. *See Adams*, ECF No. 1. More than a month later, on January 20, 2021, the *Jeary* action was filed in this Court. *See Jeary*, ECF No. 1.

On November 20, 2020, a motion was filed with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to transfer all actions against Dickey's concerning the Data Breach to the Southern District of California for coordinated or consolidated pretrial proceedings. The *Kostka* plaintiffs opposed transfer to the Southern District of California, arguing that creation of an MDL was not warranted, given that there were only four cases pending in two districts, and that the Southern District of California was an inappropriate forum for an MDL in any event. *See In re: Dickey's Barbecue Restaurant, Inc. Consumer Data Security Breach Litig.*, MDL No. 2983 (JPML), Doc. No. 1. The JPML held oral argument on January 28, 2021. Mr. Johns took the lead

in arguing against transfer at the oral argument, stressing that transfer was inappropriate because no new cases had been filed since Dickey's issued additional notice of the breach, denying centralization would not prejudice any of the parties, and there was no basis to transfer the actions to California given the lack of ties to California. Johns Decl. ¶ 5. Thereafter, on February 4, 2021, the JPML issued an order denying the California plaintiffs' request for centralized pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Dickey's Barbecue Rests., Inc., Customer Data Sec. Breach Litig.*, MDL No. 2983, 2021 WL 405657 (J.P.M.L. Feb. 4, 2021).[1]

After numerous calls and discussions, proposed Interim Co-Lead Counsel and proposed Liaison Counsel agreed that it would be in the best interest of Plaintiffs and putative class members in the Actions to form a unified front and cooperatively litigate the claims arising from the Data Breach against Dickey's. Johns Decl. ¶ 6.

## II.    THE ACTIONS SHOULD BE CONSOLIDATED PURSUANT TO FED. R. CIV. P. 42

Consolidation of the Actions is warranted because all three actions arise out of the same underlying facts, assert similar legal claims against a common party, and consolidation would promote judicial convenience without promoting delay, confusion, or prejudice. Factors a court may consider when evaluating a motion to consolidate pursuant to Rule 42 include: "(1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried

---

[1] Dickey's has recently requested transfer of two actions pending in California—*Diczhazy* and *Marquez*—to the Northern District of Texas pursuant to rules 28 U.S.C. §§ 1406(a) or 1404(a). *See Diczhazy v. Dickey's Barbecue Restaurants, Inc. et al.*, No. 3:20-cv-2189 (S.D. Cal.), at ECF No. 13-1; *Marquez v. Dickey's Barbecue Restaurants, Inc.*, No. 20-cv-2251 (S.D. Cal.), at ECF No. 12.

separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately." *Am. Can! v. Arch Ins. Co.*, No. 3:20-CV-00850-X, 2020 WL 6119533, at *1 (N.D. Tex. June 16, 2020). The Actions are all pending in the same court, all involve claims against Dickey's Barbecue Restaurants, Inc., and all arise from the same data breach and assert similar claims. The first three factors therefore clearly favor consolidation. Further, consolidation poses no risk of prejudice or confusion or unfair advantage for any party, is the most efficient course for the litigation, and will prevent duplication and waste of trying the three cases separately.

Consolidation of the Actions is warranted.

### III. PROPOSED INTERIM CO-LEAD COUNSEL AND PROPOSED LIAISON COUNSEL SHOULD BE APPOINTED TO PROTECT THE INTERESTS OF THE PUTATIVE CLASS AND ENSURE EFFECTIVENESS AND EFFICIENCY

As shown below, proposed Interim Co-Lead Counsels' and proposed Liaison Counsel's experience prosecuting and successfully resolving complex class actions, including data breach cases, and their proven willingness and ability to devote resources necessary to ensure the vigorous and efficient prosecution of this litigation demonstrate they are well-qualified to serve as Plaintiffs' Interim Co-Lead Counsel and Liaison Counsel. For these reasons, and those that follow, the appointment of proposed Interim Co-Lead Counsel and Liaison Counsel is appropriate to protect the interests of the putative class members and to promote the fair and efficient resolution of this controversy.

### A. Appointing Interim Co-Lead Counsel and Liaison Counsel Is Appropriate at this Juncture

Rule 23(g) authorizes the Court to designate interim lead counsel to act on behalf of the putative class before a class certification decision is made. *See* Fed. R. Civ. P. 23(g)(3). "The

interim class counsel's role is to 'fairly and adequately represent the interests of the class.'" *Ramirez v. J.C. Penney Corp.*, No. 6:14-CV-601, 2014 U.S. Dist. LEXIS 198780, at *3 (E.D. Tex. Aug. 20, 2014) Fed. R. Civ. P. 23(g)(4). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" *Kjessler v. Zaappaaz, Inc.*, No. 4:18-cv-430, 2018 U.S. Dist. LEXIS 239791, at *14 (S.D. Tex. Aug. 31, 2018) (citing Manual For Complex Litigation (Fourth) § 21.11 (2004)). Without an appointment of leadership for Plaintiffs and the putative class, there is a substantial risk of unavoidable duplication of efforts and inefficiency.

"Courts may appoint liaison counsel, lead counsel, trial counsel, or committees of counsel." *Id.* (citation omitted). "Liaison counsel are charged with essentially administrative matters, such as communications between the court and other counsel . . . , convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." *In re Wells Fargo Wage & Hour Emp't Practices Litig.,* No. H-11-2266, 2011 U.S. Dist. LEXIS 159953, at *9 (S.D. Tex. Dec. 19, 2011) (citation omitted). "The court has a great deal of flexibility with regard to appointing representative counsel." *Id.*

The appointment of proposed Interim Co-Lead Counsel and proposed Liaison Counsel will facilitate a greater degree of coordination and efficiency, which will accrue to the benefit of the putative class and the Court.

### B.   Proposed Interim Co-Lead Counsel Are Best Able to Represent the Interests of Plaintiffs and the Putative Class

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure. *Id.* at *14. Rule 23(g)(1)(A) provides that the Court must consider: "(1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in

handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *Buettgen v. Harless,* No. 3:09-CV-791-K, 2011 U.S. Dist. LEXIS 53888, at *27 (N.D. Tex. May 19, 2011) (Kinkeade, J.) (setting forth the elements courts should consider in appointing lead counsel). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Ramirez*, 2014 U.S. Dist. LEXIS 198780, at *4; Fed. R. Civ. P. 23(g)(1)(B). Each of these factors supports the appointment of proposed Interim Co-Lead Counsel.

### 1. Proposed Interim Co-Lead Counsel Performed Substantial Work in Investigating this Action

Proposed Interim Co-Lead Counsel have committed substantial time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. These actions demonstrate their willingness and ability to prosecute this action on behalf of the putative class to the fullest extent possible. They are familiar with the facts and legal issues in this matter and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the putative class.

Prior to filing their respective complaints in *Kostka* and *Adams*, proposed Interim Co-Lead Counsel independently investigated the facts and circumstances surrounding the Data Breach, including, *inter alia*: the cause thereof, Dickey's public statements regarding the events surrounding the Data Breach, and consumer experiences concerning information compromised in the breach. Johns Decl. ¶ 9. Each firm has devoted extensive time to researching the relevant law, and applying their experience, to prepare a detailed complaint and, in the *Kostka* action, a detailed amended complaint. *Id.*

These firms continue to perform substantial work that has and will be valuable to the Plaintiffs and putative class as the case moves forward. This work includes and has included, but is not limited to: (a) reviewing consumer communications concerning the Data Breach; (b) engaging in ongoing communications with putative class members; (c) investigating the Data Breach, the scope of its consequences, and Dickey's public disclosures regarding the same; (d) researching viable legal theories to be brought and filed against Dickey's and defenses thereto; (e) preparing the detailed complaints, including the Amended Complaint in *Kostka*; (f) drafting and serving early requests for production of documents pursuant to Fed. R. Civ. P. 26(d)(2) and 34; (f) retaining a national leader in compliance, cyber security, forensics and ethical hacking to provide cyber and technology expert services in this case; and (g) coordination with Dickey's counsel to ensure the efficient progress of the litigation. Johns Decl. ¶ 9. Mr. Barnow and Mr. Johns also recently served a demand letter pursuant to the CCPA on Dickey's on March 4, 2021, on behalf of an additional California resident who was a victim of the Data Breach, providing Dickey's the requisite 30-day period to cure the noticed violation. *Id.* ¶ 10.

Proposed Interim Co-Lead Counsel have conducted the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote all necessary effort and resources necessary for advancing Plaintiffs' and putative class members' claims.

> **2.      Proposed Interim Co-Lead Counsel Are Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in this Litigation**

"[T]he court must appoint the applicant or applicants best able to represent the interests of the class." *In re Wells Fargo Wage & Hour Emp't Practices Litig.*, No. H-11-2266, 2011 U.S. Dist. LEXIS 159953, at \*12 (S.D. Tex. Dec. 19, 2011) (quotations omitted). Each of the proposed Interim Co-lead Counsel and their respective firms have a track record of successfully litigating and resolving numerous data breach cases and other complex litigation. *See In re Terazosin*

*Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). The qualifications and experience of these firms are detailed below and in the accompanying declarations and firm resumes. *See* Johns Decl., Exs. A-D (firm resumes).

**Benjamin Johns, Chimicles Schwartz Kriner & Donaldson Smith:** Mr. Johns is a Partner at CSK&D. He is qualified to serve as one of Interim Co-Lead Counsel in this litigation due to his history of successfully prosecuting complex class action cases, MDL proceedings, and data breach litigation, and because of his significant involvement in the prosecution of the instant litigation. *See* Johns Decl., Ex. A. Examples of recent cases in which Mr. Johns acted as a lead counsel are:

- *In re: MacBook Keyboard Litigation*, No. 18-cv-2813 (N.D. Cal. Mar. 8, 2021) (in this consumer class action involving the "butterfly" keyboards in certain MacBooks, Mr. Johns personally argued two motions to dismiss and a motion for class certification, all of which resulted in favorable rulings for his clients.);

- *Udeen v. Subaru of Am., Inc.,* 18-17334 (RBK/JS) (D.N.J.) (Mr. Johns was co-lead counsel in this consumer class action involving allegedly defective infotainment systems in certain Subaru automobiles, which resulted a settlement valued at $6.25 million. At the hearing granting final approval of the settlement, the district court commented that the plaintiffs' team "are very skilled and very efficient lawyers…They've done a nice job.")

- *In re Nexus 6P Product Liability Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) (Mr. Johns served as co-lead counsel – and argued two of the motions to dismiss – in this defective smartphone class action. The case resulted in a settlement valued at $9.75 million, which Judge Beth Labson Freeman described as "substantial" and an "excellent resolution of the case.")

- *In re MyFord Touch Consumer Litig*., No. 13-cv-03072-EMC (N.D. Cal.) (Mr. Johns served as court-appointed co-lead counsel in this consumer class action concerning allegedly defective MyFord Touch infotainment systems, which settled for $17 million shortly before trial)

- *Weeks v. Google LLC*, 5:18-cv-00801-NC, 2019 U.S. Dist. LEXIS 215943, at 8-9 (N.D. Cal. Dec. 13, 2019) (Mr. Johns was co-lead counsel—and successfully argued against a motion to dismiss—in this defective smartphone class action. A $7.25 million settlement was reached, which Magistrate Judge Nathanael M. Cousins described as being an "excellent result.")

Johns Decl., Ex. A.

Mr. Johns also has extensive experience in litigating data breach class action lawsuits. *Id.* In *Perdue v. Hy-Vee, Inc.*, No. 1:19-cv-01330-MMM-JEH, 2021 U.S. Dist. LEXIS 12691, at *6 (C.D. Ill. Jan. 25, 2021), a data breach class action, the court recently granted preliminary approval of a class action settlement appointing Mr. Johns as co-lead class counsel along with Mr. Barnow. Mr. Johns was also appointed as interim co-lead class counsel for plaintiffs in the data breach action, *In re Wawa, Inc. Data Breach Litig.*, No. 19-6019 (E.D. Pa. June 12, 2020), wherein the parties recently filed a motion for preliminary approval of a class action settlement. In *Gordon et al. v. Chipotle Mexican Grill, Inc.*, the court granted final approval of a data breach settlement where Mr. Johns was appointed as one of three co-lead class counsel firms. No. 17-cv-01415-CMA-SKC, 2019 U.S. Dist. LEXIS 215430, at *2 (D. Colo. Dec. 16, 2019). And in *Bray et al. v. GameStop Corp.,* final approval of a class-wide settlement has been granted. No. 1:17-cv-01365-JEJ, 2018 U.S. Dist. LEXIS 226221, at *1-2 (D. Del. Dec. 19, 2018). There, too, Mr. Johns was appointed by the Court as co-lead class counsel. *Id*. These settlements afforded consumers affected by a data breach with significant benefits. Mr. Johns is also appointed as interim co-lead counsel in *In re Rutter's Inc. Data Security Breach Litigation,* No. 1:20-cv-382 (M.D. Pa.), a case in which the defendant's motion to dismiss was recently denied in large part. 2021 U.S. Dist. LEXIS 761 (M.D. Pa. Jan. 5, 2021).

**Ben Barnow, Barnow and Associates, P.C.:** Ben Barnow is nationally recognized for his experience in leading some of the nation's largest consumer class actions and has been recognized

as a *Titan of the Plaintiffs Bar*.[2] As a court-appointed lead counsel or equivalent designation, he has successfully led over forty major class actions (including MDLs) where class-wide recoveries were achieved, resulting in benefits valued in excess of five billion dollars being made available to class members. This includes leading eight noteworthy privacy class actions where class settlements were achieved. Below is a brief description of some of the cases in which Mr. Barnow served as a lead or co-lead counsel.

- *In Re: Sony Gaming Networks and Customer Data Security Breach Litigation,* MDL 2258. Ben Barnow was appointed to the Plaintiffs' Steering Committee—a committee of seven firms established to lead the litigation—in this MDL proceeding involving over 60 cases relating to a data security breach that affected approximately 50 million consumers. A settlement agreement was entered into and was granted final approval. At the final fairness hearing, the Honorable Judge Anthony J. Battaglia remarked: "Just in the final analysis, the order, much like all the work by both sides throughout the case, has been impeccable, highly professional, and skilled. It's been a real pleasure dealing with you."

- *In Re: TJX Retail Security Breach Litigation,* MDL No. 1838. Ben Barnow served as one of Co-Lead Settlement Class Counsel for the Consumer Track in this MDL proceeding relating to the theft of approximately 45 million credit and debit card numbers used at TJX stores and the personal information of over 454,000 TJX customers. Mr. Barnow took the lead in negotiating a settlement with TJX's attorneys that made available benefits valued at over $200 million to the Class. The Honorable Judge Young granted final approval to the settlement, which he referred to as "excellent," and as containing "innovative" and "groundbreaking" elements.

- *In Re: Countrywide Fin. Corp. Customer Data Security Breach Litigation,* MDL No. 1998. Ben Barnow served as one of Co-Lead Settlement Class Counsel in this forty-case MDL proceeding relating to a former Countrywide employee's theft and sale of millions of Countrywide customers' private and confidential information. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $650 million available to approximately 17 million Settlement Class Members. In the opinion granting final approval to the settlement, the Honorable Chief Judge Russell noted that "Co-Lead Settlement Counsel are nationally recognized in the field of class actions, particularly those involving security breaches," and stated that "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process."

---

[2] *See* Sindhu Sundar, Law360, *Titan of the Plaintiffs Bar: Ben Barnow* (Oct. 8, 2014), https://www.law360.com/articles/585655/titan-of-the-plaintiffs-bar-ben-barnow (last visited March 12, 2021).

- *Lockwood v. Certegy Check Services*, *Inc*. Ben Barnow served as one of Co-Lead Settlement Class Counsel in this consolidated proceeding relating to the theft of approximately 37 million individuals' private and confidential information from Certegy Check Services, Inc.'s computer databases. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $500 million available to Settlement Class Members. At the final fairness hearing, the Honorable Judge Merryday described the settlement as a "good deal," providing "a real benefit to a large class of persons" as "the result of the focused attention of skilled counsel for a protracted time."

- *Rowe v. Unicare Life and Health Insurance Co.* Ben Barnow was Lead Counsel in this proceeding relating to the defendants' alleged failure to secure the private health information of approximately 220,000 individuals enrolled in the defendants' health insurance plans, resulting in such information being accessible to the public via the Internet. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $20 million available to Settlement Class Members. At the preliminary approval hearing, the Honorable Judge Hibbler described the efforts of the parties as "exemplary."

- *Orr v. InterContinental Hotels Group, PLC.* Ben Barnow was appointed as one of Lead Class Counsel in this payment card data breach litigation. He successfully negotiated a class settlement providing a claim process for Class Members to seek reimbursement for certain expenses or fraudulent and unauthorized charges resulting from the data breach, subject to an aggregate cap of $1.55 million. The settlement was granted final approval.

- *In re: Zappos.com Inc. Customer Data Security Breach Litigation*. Ben Barnow was one of Co-Lead Class Counsel and settlement class counsel in this litigation, which resulted in a landmark Ninth Circuit ruling recognizing the Article III standing of consumers harmed by data breaches. He also successfully opposed Zappos' petition for writ of certiorari to the Supreme Court of the United States, where he served as counsel of record for plaintiffs. After many years of litigation, he negotiated a settlement that was granted final approval. The Settlement provided Class Members with CAFA-compliant coupons that were redeemed for over $7 million.

- *Warner v. Toyota Motor Sales, U.S.A., Inc.* Ben Barnow served as one of Co-Lead Counsel in this litigation regarding claims of excessive frame rust to certain Toyota vehicles, yielding a recent landmark settlement providing relief valued at an estimated at $3.4 billion.

**John Yanchunis, Morgan & Morgan:** Mr. Yanchunis leads Morgan & Morgan's class action group, a successful and highly regarded nationwide practice focusing on class actions and complex consumer litigation. Morgan & Morgan is one of the largest (if not the largest) plaintiffs-only law firms in the country, with over 700 lawyers in offices throughout the United States.

Mr. Yanchunis has been a trial lawyer for 38 years—a career that began after the completion of a two-year clerkship with United States District Judge Carl O. Bue (Southern District of Texas, now retired). As a result of his experience in insurance and complex litigation, beginning in 2005, he was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers. He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations. The insurance regulator for Florida was the only insurance regulator in the group. The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex Corporation and its subsidiary, Carey Canada, Inc. During the seventeen years the case remained pending, he served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims. The case was tried in three phases over several years beginning in 1992. He was also lead counsel for these parties in the subsequent appeals that followed a judgment in favor of his clients.

In 2020, Mr. Yanchunis was named the Daily Business Review's Attorney of the Year. Mr. Yanchunis was also recently recognized for the second year in a row by Law360 as a Cybersecurity

MVP and, in 2016, was recognized by the National Law Journal as its 2016 Trailblazer in the Area of Cybersecurity & Data Privacy. He is a frequent lecturer on privacy and class litigation nationally and internationally, including at international conferences, having presented at the University of Haifa's 2019 Class Action Conference, in Haifa, Israel, attended by lawyers, judges and law professors from around the world. Among the many seminars he presented at on topics relating to privacy litigation and class actions, in 2020 he lectured on data privacy in Mexico, and in November 2020 he presented on data privacy to an international group of lawyers, judges and professors at a symposium in London sponsored by the London Law Society. A full list of the seminars at which he has spoken on privacy issues is contained in his résumé.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001), an action alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-lead counsel in the successful prosecution and settlement of privacy class action cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis).[3] He also served as Co-Lead Counsel in the DPPA class cases, *Davis v. Bank of America* ($10 million class settlement),[4] and *Kehoe v. Fidelity Fed. Bank and Trust* ($50 million class settlement).[5]

Mr. Yanchunis has personally led many privacy class action proceedings, beginning in 1999, holding leadership positions in, among many other data breach class cases: *In Re: Capital One*

---

[3] *See Fresco v. Automotive Directions, Inc*., No. 03-61063-JEM (S.D. Fla.); *Fresco v. R.L. Polk,* No. 07-cv-60695-JEM (S.D. Fla.).

[4] No. 05-cv-80806 (S.D. Fla.).

[5] No. 03-cv-80593 (S.D. Fla.).

*Consumer Data Security Breach Litigation* (Co-Lead Counsel) (litigation ongoing);[6] *In re Yahoo! Inc. Customer Data Security Breach Litigation* (Lead Counsel) (final approval of a settlement with a common fund of $117,500,000 entered in May,2020));[7] *In re Equifax, Inc. Customer Data Security Breach Litigation* (member of the Plaintiffs' Steering Committee) (final judgment approving largest data breach settlement in history was entered in December, 2019);[8] *Adkins v. Facebook, Inc.* (co-lead counsel) (obtained highly contested certification of a Rule 23(b)(2) injunction class, final approval of a class action settlement is set for April, 2021);[9] *In re U.S. Office of Personnel Management Data Security Breach Litigation* (member of the Executive Committee) (dismissal on standing grounds recently reversed on appeal to the D.C. Circuit);[10] *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litigation* (co-Lead Counsel) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000);[11] *In re Target Corp. Customer Data Sec. Breach Litigation* (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers upheld by the 8th Circuit);[12] *In re Arby's Restaurant Group, Inc. Data Security Litigation* (co-liaison counsel) (final approval of class settlement entered June 6, 2019):.[13] *In re Google Plus Profile Litigation,* No. 18-cv-6164 (N.D. Cal.) (final approval of class settlement of $8.5 million entered on January 25, 2021); and *Henderson v. Kalispell Regional Healthcare,* 19-CVD-0761, Montana Eighth Judicial Circuit in and for Cascase County, (final approval of class settlement of $4.2 million entered

---

[6] No. 19-md-2915 (E.D. Va.).
[7] No. 16-md-02752-LHK (N.D. Cal.).
[8] No. 17-md-2800-TWT (N.D. Ga.).
[9] No. 18-cv-5982-WHA (N.D. Cal.).
[10] No. 15-mc-01394-ABJ (D.D.C.).
[11] No. 14-md-02583-TWT (N.D. Ga.).
[12] MDL No. 2522 (D. Minn.).
[13] Nos. 17-cv-514, 17-cv-1035 (N.D. Ga.).

on January 5, 2021). A comprehensive list of the data breach class cases which he has handled is included in his résumé.

Mr. Yanchunis' experience in these major privacy matters extends far beyond simply leadership of teams of lawyers in the advancement of the litigation, or briefing threshold issues and negotiating settlements. Rather, Mr. Yanchunis has personally deposed corporate representatives, software engineers, data scientists and CISOs in cases such as *Capital One*, *Yahoo!* and *Facebook*. In *Yahoo!*, Defendants produced more than 9 million pages of documents, Plaintiffs deposed nine witnesses, and Plaintiffs provided reports for, and defended depositions of, their four expert witnesses. In the Capital One case, the number of depositions exceeds 20 to date. Mr. Yanchunis' *Yahoo!* and *Facebook* teams briefed both class certification and *Daubert* motions. Hence, the breadth of Mr. Yanchunis's data breach experience is equaled only by its depth.

### 3. Proposed Interim Co-Lead Counsel Are Committed to Representing and Advancing the Interests of the Putative Class

Proposed Interim Co-Lead Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of Plaintiffs' and the putative class's claims. Their resumes demonstrate their records of success leading and funding complex consumer class action cases against some of the largest and wealthiest corporations in the world. The experience here will be no different.

It is also noteworthy that Mr. Johns and Mr. Barnow worked together cooperatively in prior litigation. Johns Decl. ¶ 12. In *Winstead v. ComplyRight, Inc., supra*, both firms litigated together in a similar class action brought on behalf of individuals whose sensitive personally identifying information was exposed by criminals as a result of a large data breach. *Id.*; *see Smith v. ComplyRight, Inc.*, No. 1:18-cv-4990, 2019 U.S. Dist. LEXIS 174217, at *2-3 (N.D. Ill. Oct. 7, 2019) (granting final approval of settlement). More recently, both Mr. Johns and Mr. Barnow were

appointed as co-lead class counsel in *Perdue v. Hy-Vee, Inc.*, 2021 U.S. Dist. LEXIS 12691, at *6. Mr. Johns has also been appointed as co-lead class counsel with one of Mr. Yanchunis's partners in *Gordon v. Chipotle Mexican Grill, Inc.*, 2019 U.S. Dist. LEXIS 215430, at *2.

Just as they did in these actions, proposed Interim Co-Lead Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and putative class here. These firms were able to resolve questions of leadership structure amongst themselves and believe this proposed co-leadership structure is in the best interest of the putative class.

In sum, proposed Interim Co-Lead Counsel are committed to pursuing the best interests of Plaintiffs and the putative class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of resources and time into the prosecution of the claims against Dickey's. Their firms possess the resources and manpower required in order to continue vigorously prosecuting this litigation and, if appointed, they will do so here.

### C.    Appointment of Liaison Counsel Is Appropriate

A court, in its discretion, may appoint interim liaison counsel to assist interim lead counsel primarily with administrative matters. *See* Manual for Complex Litigation § 10.221. "Liaison counsel generally assists lead counsel with administrative matters, such as filings, communications with the Court, convening meetings of counsel, assuring compliance with local rules, and attending hearings." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014); *see also* Manual for Complex Litigation § 10.221.

The Court should also appoint Bruce W. Steckler of Steckler Wayne Cochran Cherry PLLC in Dallas, Texas, to serve as Plaintiffs' Liaison Counsel. The law firm of Steckler Wayne Cochran Cherry PLLC has significant depth, experience, and resources in litigating complex

consumer and other class action cases, including data breach cases such as the case at bar. Steckler Wayne Cochran Cherry PLLC are among the most experienced and successful class action firms in the nation in litigating class and mass actions with vast experience in nationwide prosecution but not limited to those related to consumer, FCA/*qui tam*, securities fraud, privacy, technology, insurance, healthcare, and antitrust claims. The firm's lawyers have combined almost 100 years of experience trying over seventy-five cases to juries, judges and arbitrators (and preparing hundreds more that settled) on behalf of both plaintiffs and defendants. In addition, Mr. Steckler will draw on all the resources of his law firm.

**Bruce W. Steckler** is a member of the bar of this Court. He has decades of experience litigating complex consumer litigation. Mr. Steckler has been appointed by both federal and state court judges to lead some of the most significant cases in the United States. He was appointed by the Honorable Eldon Fallon in the United States District Court for the Eastern District of Louisiana to serve on the Plaintiffs' Steering Committee for the Chinese Drywall MDL and served as a member of the Plaintiffs' Executive Committee for Bank Overdraft Litigation appointed by the Honorable Lawrence King in the United States District Court for the Southern District of Florida. He was co-lead counsel in the case against JP Morgan Chase in *In Re Checking Account Overdraft Litigation*.

Most recently, Mr. Steckler was honored to be appointed by the Honorable Judge Cote in the Southern District of New York to serve as co-lead counsel in *In re Inclusive Access Course Materials Antitrust Litigation*, MDL 2946. He was also recently selected to serve as liaison counsel in *In re Toyota Hybrid Brake Litigation*, Consolidated Case No.: 4:20-cv-00127, in the United States District Court for Eastern District of Texas by the Honorable Judge Mazzant. The Honorable Judge Douglas P. Woodlock appointed Mr. Steckler to serve as a member of Plaintiffs'

Steering committee for MDL 2428, *In Re: Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation*, in the United States District Court for Massachusetts. He also was appointed by the Honorable Judge Kenneth M. Karas in United States District Court for the Southern District of New York to serve on the Plaintiffs' Steering Committee for the *In re: Ford Fusion and C-Max Fuel Economy Litigation.* He was appointed lead counsel by the Honorable Judge Anthony Battaglia in the *In Re: Easysaver Rewards Litigation* in the Southern District of California. He serves as liaison counsel and lead counsel in *In Re: Texas State Silica Products Liability Litigation*. He was also appointed lead counsel in the following Texas State cases: *In re: Electronic Data Systems Class Action Litigation*, Cause No. 366-01078-2008 (366th Judicial District Court of Collin County, Texas), *City of St. Clair Shores Police and Fire Retirement System, Individually and on Behalf of All Others Similarly Situated v. Affiliated Computer Services, Inc., et al*; Cause No. CC-09-07377-C (County Court at Law No. 3 Dallas County, Texas), and *In re Silicosis Litigation*, Texas State MDL Cause No. 200470000/GN002797 (State District Court Houston, Texas). He is a member of the State Bars of Texas, Louisiana, New York, Pennsylvania, and Missouri, U.S. District Courts – Northern District of Texas, Eastern District of Texas and Southern District of Texas, Eastern District of Louisiana and Western District of Louisiana, United States Court of Appeals for the Ninth Circuit, and the Federal Court of Claims in Washington, D.C.

Mr. Steckler has been a partner at three Dallas-based firms and, most recently, was a shareholder and the head of the General Litigation Section of one of the largest plaintiff firms in the United States. His legal acumen has won him recognition by D Magazine's "Best Lawyers under 40" feature in 2002 through 2006, and D Magazine's "Best Lawyers" in 2009 through 2021, and Thompson Reuters as a "Texas Super Lawyer" in 2004 through 2021. Mr. Steckler enjoys an

"AV Preeminent" rating by Martindale-Hubbell Law Directory, its highest peer rating. He was selected for the Plaintiff's Hot List in 2011 by the National Law Journal. He was named a finalist for Public Justice Trial Lawyer of the Year 2012, an honor that is awarded to the attorneys who "made the greatest contribution to the public interest within the past year by trying or settling a precedent-setting or socially significant case." He has also been named one of the "Top 100 Trial Lawyers" by the National Trial Lawyers from 2013 through 2021, was named a "2015 Top Rated Lawyer in Insurance Law" by American Lawyer Media and Martindale-Hubbell Law Directory, selected to to join the American Institute of Trial Lawyers Litigator of the Year and named as one of the Top 100 Trial Lawyers in America in 2015-2021. Most recently, he was again recognized in the 27th edition of *The Best Lawyers in America* and his firm named one of the Best Law Firms in Texas by U.S. News & World Report. Mr. Steckler is thus well-suited to serve in the capacity of Liaison Counsel here.

**Hon. Paul D. Stickney, Ret.,** who serves as of Counsel to Steckler Wayne Cochran Cherry PLLC, will be working with Mr. Steckler. Judge Stickney served 20 years as a United States Magistrate Judge for the United States District Court for the Northern District of Texas, from 1998 to 2018. During his tenure on the bench, Judge Stickney presided over jury trials, court hearings on motions, and discovery disputes. His participation and assistance will be invaluable in prosecuting this case efficiently in accordance with all local practices. Liaison Counsel will be necessary and assist proposed Interim Co-lead Counsel in communicating and coordinating with counsel, as well as managing the litigation under the direction of proposed Interim Co-Lead Counsel. Proposed Liaison Counsel can assist proposed Interim Co-Lead Counsel if and where necessary.

Proposed Interim Co-Lead Counsel intends to utilize the skills, experience, and talents of Steckler Wayne Cochran Cherry PLLC to work cooperatively, cohesively and efficiently in order to jointly obtain the best result for the putative class. Indeed, Plaintiffs' counsel has established a professional working relationship that they anticipate will be conducive to effective and efficient management and litigation of this consolidated action. Plaintiffs' counsel further wish to avoid any uncertainty or confusion regarding whether Plaintiffs' counsel is authorized to speak for Plaintiffs or the putative class, as the parties are proceeding with discussions on topics including the efficient consolidation of this Action, discovery issues, and potential alternative dispute resolution.

## IV.    CONCLUSION

In view of the foregoing, Plaintiffs respectfully ask the Court to grant their motion for consolidation of *Kostka*, *Adams*, and *Jeary*, and pursuant to Fed. R. Civ. P. 23(g), appoint as Interim Co-Lead Counsel Benjamin F. Johns, Ben Barnow, and John A. Yanchunis, and as Liaison Counsel Bruce W. Steckler. A proposed order granting this relief is submitted herewith.

Dated: March 12, 2021                        Respectfully submitted,

                                             _/s/ Ben Barnow_____
                                             Ben Barnow (pro hac vice)
                                             Erich P. Schork (pro hac vice)
                                             **BARNOW AND ASSOCIATES, P.C.**
                                             205 W. Randolph St., Suite 1630
                                             Chicago, IL 60606
                                             Tel: (312) 621-2000
                                             Fax: (312) 641-5504
                                             b.barnow@barnowlaw.com
                                             e.schork@barnowlaw.com

Benjamin F. Johns (pro hac vice)
Samantha E. Holbrook (pro hac vice)
Alex M. Kashurba (pro hac vice)
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
One Haverford Centre
361 Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
bfj@chimicles.com
seh@chimicles.com
amk@chimicles.com

Cory S. Fein (State Bar No. 06879450)
**CORY FEIN LAW FIRM**
712 Main Street, Suite 800
Houston, TX 77002
Tel.: (281) 254-7717
Fax: (530) 748-0601
cory@corfeinlaw.com

*Attorneys for Plaintiffs Kostka and Jear*

By: /s/ Bruce W. Steckler
Bruce W. Steckler
State Bar No. 00785039
Austin P. Smith
State Bar No. 24102506
**Steckler Wayne Cochran Cherry, PLLC**
1270 Hillcrest Road, Suite 1045
Dallas, TX 75230
Tel: 972-387-4040
Fax: 972-387-4041
bruce@swclaw.com
austin@swclaw.com

Paul D. Stickney
State Bar No. 00789924
12720 Hilcrest Road, Suite 1045
Dallas, TX 75230
Tel: 972-387-4040
judgestick@gmail.com

John A. Yanchunis
Ryan J. McGee
Francesca Kester
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin Group, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Facsimile: (813) 223-5405
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
fkester@forthepeople.com

Brian P. Murray
**GLANCY PRONGAY & MURRAY LLP**
230 Park Avenue Rm 530
New York, NY 10169
Tel: (212) 682-5340
Fax: (212) 884-0988
bmurray@glancylaw.com

Paul C. Whalen
**LAW OFFICE OF PAUL C. WHALEN,**
**P.C.**
61 Spray Falls Road
Haines Falls, NY 12436
Tel: (516) 426-6870
pcwhalen@protonmail.com

*Attorneys for Plaintiff Adams*

## <u>CERTIFICATE OF CONFERENCE</u>

On March 12, 2021, I conferred with Drew York, attorney for the *Jeary* Plaintiffs, regarding this Motion for Consolidation Pursuant to Fed. R. Civ. P. 42 and Appointment of Interim Co-Lead Counsel and Liaison Counsel. Although Mr. York did not oppose consolidation, he did oppose the leadership structure outlined in the motion.

On March 12, 2021, I conferred with Chris Dodrill, attorney for Defendant Dickey's Barbecue Restaurants, Inc., and Dickey's Capital Group, Inc. regarding Plaintiffs' Motion for Consolidation Pursuant to Fed. R. Civ. P. 42 and Appointment of Interim Co-Lead Counsel and Liaison Counsel. Mr. Dodrill did not oppose consolidation for pretrial purposes. However, he does oppose the leadership structure outlined in the motion as premature.

By: */s/ Bruce W. Steckler*

*Attorney for Plaintiff Adams*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 12, 2021, a copy of the foregoing was served electronically on all parties in this action via the ECF system and mailed to counsel of record from 3:21-cv-00137-K and 3:20-cv-03603-K at the addresses below and by e-mail:


Andrew K. York, Esq.
Gray Reed & McGraw LLP
1601 Elm St., Ste. 4600
Dallas, TX 75201
dyork@grayreed.com

Daniel O. Herrera, Esq.
Cafferty Clobes Meriwether & Sprengel LLP
150 South Wacker Dr., Ste. 3000
Chicago, IL 60606
dherrera@caffertyclobes.com


*Plaintiffs' counsel in 3:21-cv-00137-K*

Bruce W. Steckler, Esq.
Steckler Wayne Cochran Cherry PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
bruce@stecklerlaw.com

*Plaintiff's counsel in 3:20-cv-03603-K*


*s/ Ben Barnow*
Ben Barnow