# Exhibit 1

This Settlement Agreement, dated as of the Effective Date, is made and entered into by and among the following Settling Parties (defined below): (i) Robert Stroman, Veronica Snyder, Lashawn Parker, Demi Kostka, Vincent Jear, and Latorsha Adams ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (defined below), by and through their counsel of record, Ben Barnow, Barnow and Associates, P.C.; Benjamin F. Johns, Chimicles Schwartz Kriner & Donaldson-Smith LLP; and John A. Yanchunis, Morgan & Morgan Complex Litigation Group (collectively, "Proposed Co-lead Class Counsel") and Bruce W. Steckler and Paul D. Stickney, Steckler Wayne Cochran PLLC, Anthony L. Parkhill, Barnow and Associates, P.C.; Samantha E. Holbrook, Chimicles Schwartz Kriner & Donaldson-Smith LLP; and Brian P. Murray, Glancy Prongay & Murray LLP (collectively, "Proposed Additional Class Counsel") on the one hand; and (ii) Dickey's Barbecue Restaurants, Inc. and Dickey's Capital Group, Inc. (together, "Dickey's" or "Defendant"), by and through its counsel of record, Ian C. Ballon and Christopher S. Dodrill of Greenberg Traurig, LLP ("Dickey's Counsel") on the other hand. This Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation (defined below) and Released Claims (defined below), upon and subject to the terms and conditions herein.

## RECITALS

WHEREAS, in October 2020, Dickey's became aware of a report mentioning a Security Incident (defined below) carried out by a malicious third-party who had targeted and installed unauthorized code on the point-of-sale software of certain "Dickey's Barbecue Pit®" restaurants in various states, which, save for one location, were individually owned and operated by franchisees;

WHEREAS, after promptly undertaking an investigation, Dickey's determined that certain payment card information belonging to customers of impacted Dickey's Barbecue Pit® restaurants may have been compromised in the Security Incident;

WHEREAS, upon becoming aware of the Security Incident, Dickey's acted swiftly to contain the Security Incident, remove the unauthorized code, and implement additional measures to further enhance payment card security;

WHEREAS, Dickey's conspicuously posted public notice about the Security Incident on its website, which explained what happened, detailed the type of information involved, provided a store locator identifying which restaurants may have been affected and when, and offered what steps customers should take in response;

WHEREAS, on October 26, 2020, the civil action of *Stroman v. Dickey's Barbecue Restaurants, Inc.*, No. 20STCV40974 ("*Stroman*"), was filed in the Superior Court of Los Angeles County, California, asserting claims individually and on behalf of a California class, and thereafter removed to the United States District Court for the Central District of California and transferred under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas;

WHEREAS, on November 16, 2020, the civil action of *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424-K ("*Kostka*"), was filed in the United States District Court for

the Northern District of Texas, asserting claims individually and on behalf a nationwide class, and later amended to add claims on behalf of a California class;

WHEREAS, on December 3, 2020, the civil action of *Adams v. Dickey's Barbecue Restaurants, Inc.*, No. CC-20-05241-B ("*Adams*"), was filed in the County Court of Law No. 2 of Dallas County, Texas, asserting claims individually and on behalf of a nationwide class, and then subsequently removed to the United States District Court for the Northern District of Texas;

WHEREAS, on April 14, 2021, the United States District Court for the Northern District of Texas consolidated the *Stroman*, *Kostka*, and *Adams* civil actions, along with one other civil action, under a single civil action number, No. 3:20-cv-3424-K;

WHEREAS, Dickey's disputes the claims and allegations set forth in the civil actions filed against it, any and all liability or wrongdoing of any kind to the Representative Plaintiffs, the Settlement Class, and any other individuals or putative class members described in the pleadings, and further denies any violation of law whatsoever;

WHEREAS, the Settling Parties have concluded that further litigation would be protracted and expensive, have considered the uncertainty and risks inherent in litigation, and have determined that it is desirable to effectuate a full and final settlement of the claims asserted in the above-referenced actions on the terms set forth below to avoid the associated burdens, risks, and extensive costs;

WHEREAS, on June 30, 2021, the Settling Parties engaged in an arm's-length, remote, full-day mediation session under the direction of the Honorable Wayne Andersen (Ret.) and reached an agreement in principle to resolve the Litigation as outlined herein;

WHEREAS, Dickey's provided Proposed Co-lead Class Counsel with certain additional factual information to aid in the mediation;

WHEREAS, Dickey's denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Dickey's with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that Dickey's has asserted or would assert, or the requirements of Federal Rule of Civil Procedure 23 and whether the Representative Plaintiffs satisfy those requirements;

WHEREAS, based upon their substantial investigation and discovery as set forth above, and their substantial experience in data breach cases, Proposed Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to Settlement Class Members (defined below) and are in their best interests, and have agreed to settle the claims that were asserted or could have been asserted in the Litigation arising out of or relating to the Security Incident pursuant to the terms and provisions of this Agreement after considering (a) the substantial benefits that Settlement Class Members will receive from the Settlement, (b) the uncertain outcome and attendant risks of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of this Agreement;

WHEREAS, pursuant to these terms, which are set forth fully below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Dickey's and the Released Persons (defined below) arising out of or relating to the Security Incident, by and on behalf of the Representative Plaintiffs and Settlement Class Members (defined below), and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States against Dickey's relating to the Security Incident (collectively, the "Litigation");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Dickey's that, subject to the Court's approval, when Judgment becomes Final as defined herein, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, and subject to the terms and conditions of this Settlement Agreement.

## I.     DEFINITIONS

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1     "Agreement" or "Settlement Agreement" means this agreement.

1.2     "Approved Claims" means Settlement Claims in an amount approved by the Notice and Claims Administrator or found to be valid through the Dispute Resolution process, as set forth in this Agreement.

1.3     "Attorneys' Fees and Expenses" means the attorneys' fees, costs, and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Litigation.

1.4     "Class Counsel" means Co-lead Class Counsel and Additional Class Counsel.

1.5     "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Notice and Claims Administrator.

1.6     "Claims Deadline" is defined in ¶ 3.1.

1.7     "Claim Form" means the document made available pursuant to the provisions of the notice plan that Settlement Class Members must submit, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

1.8     "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.9     "Court" means the United States District Court for the Northern District of Texas.

1.10   "Effective Date" means the date on which all Parties have signed this Agreement.

1.11   "Fee Application" means any motion for a Fee Award and Costs.

1.12   "Fee Award and Costs" means the payment of attorneys' fees, costs, and expenses award by the Court to Class Counsel, to be paid from the Qualified Settlement Fund.

1.13   "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement receives final approval by the Court; (ii) the Court has entered a Judgment; and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.14   "Judgment" means a judgment rendered by the Court.

1.15   "Notice and Claims Administrator" means the notice and claims administrator with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Settling Parties and approved by the Court.

1.16   "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.17   "Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually and reasonably incurred that are fairly traceable to the Security Incident, and that have not already been reimbursed by a third party.

1.18   "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.19   "Payment Card Information" means any and all information that may have been compromised or otherwise exposed without authorization in the Security Incident, including but not limited to cardholder name, payment card number, expiration date, and internal verification value.

1.20   "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached as **Exhibit A**.

1.21   "Proposed Co-lead Class Counsel" or "Co-lead Class Counsel" means Ben Barnow, Barnow and Associates, P.C.; Benjamin F. Johns, Chimicles Schwartz Kriner & Donaldson-Smith LLP; and John A. Yanchunis, Morgan & Morgan Complex Litigation Group.

1.22     "Proposed Additional Class Counsel" or "Additional Class Counsel" means Bruce W. Steckler and Paul D. Stickney, Steckler Wayne Cochran PLLC; Anthony L. Parkhill, Barnow and Associates, P.C.; Samantha E. Holbrook, Chimicles Schwartz Kriner & Donaldson-Smith LLP; and Brian P. Murray, Glancy Prongay & Murray LLP.

1.23     "Qualified Settlement Fund" means the common settlement fund established by the Notice and Claims Administrator or Class Counsel pursuant to 26 C.F.R. § 1.468B01 at a qualified bank agreed upon by the Settling Parties, in which Dickey's will deposit $2,350,000 in settlement funds and from which all monetary compensation to the Settlement Class and certain other expenses shall be paid.

1.24     "Related Entities" means Dickey's past or present parents, subsidiaries, affiliates, divisions, franchisees, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Dickey's and these entities' respective predecessors, successors, directors, managers, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

1.25     "Released Claims" shall collectively mean any and all claims and causes of action, both known and unknown (including Unknown Claims), including, without limitation, any causes of action under California Civil Code § 1798.150 or § 17200 *et seq.* and all similar statutes in effect in any states in the United States as defined herein; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent, or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; breach of any consumer protection statute; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons (defined below) based on, relating to, concerning or arising out of the Security Incident and alleged theft of Payment Card Information before the Effective Date or the allegations, facts, or circumstances described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.26     "Released Persons" means Dickey's and its Related Entities.

1.27     "Representative Plaintiffs" means Robert Stroman, Veronica Snyder, Lashawn Parker, Demi Kostka, Vincent Jear, and Latorsha Adams.

1.28     "Security Incident" or "Incident" means the access by unauthorized actors to the point-of-sale systems belonging to "Dickey's Barbecue Pit®" restaurants on or after April 23, 2019, as further described in the Recitals, and any and all facts, actions and circumstances related thereto, whether occurring or arising before, on or after the date of this Agreement.

1.29    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.30    "Settlement Class" means: All residents of the United States who used a payment card or whose card was used to make a purchase at a "Dickey's Barbecue Pit®" restaurant identified in **Exhibit B** between April 23, 2019, and October 29, 2020. The Settlement Class specifically excludes: (i) Dickey's and its officers and directors; (ii) all Settlement Class Members who timely and validly request to opt-out from the Settlement Class; (iii) any Person who has agreed to release his or her claim(s) against Dickey's arising out of or related to the Security Incident; and (iv) the Judge assigned to evaluate the fairness of this settlement and all court personnel directly involved therewith.

1.31    "Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

1.32    "Settlement Website" means the website that the Notice and Claims Administrator will establish as soon as practicable following entry of the Preliminary Approval Order as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, a downloadable version of a customary form of short notice (the "Short Notice"), a customary long form of notice ("Long Notice"), and a publication notice form ("Publication Notice"), which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement, instructions for how to object or opt-out of the settlement, the process and instructions for making claims, and the date, time and place of the Final Fairness Hearing; this Agreement; Plaintiffs' motion for preliminary approval of the Settlement; the Preliminary Approval Order; and the Fee Application. The Settlement Website shall also include a toll-free telephone number, email address, and mailing address through which Settlement Class Members may contact the Notice and Claims Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least 60 days after all settlement payments have been distributed.

1.33    "Settling Parties" means, collectively, Dickey's and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.34    "Taxes and Tax-Related Expenses" means: (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Qualified Settlement Fund, including, without limitation, any taxes that may be imposed upon Dickey's or its counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Qualified Settlement Fund account; (ii) any other taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Qualified Settlement Fund that the Notice and Claims Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Qualified Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

1.35    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Representative Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that upon the date the Judgment becomes Final, the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Settlement Class Members, including the Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, including Unknown Claims, but the Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the date the Judgment becomes Final, fully, and finally and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

## II.    THE QUALIFIED SETTLEMENT FUND

2.1    The Notice Claims Administrator shall establish an interest-bearing escrow account to serve as the Qualified Settlement Fund, at a financial institution approved by Co-lead Class Counsel and Dickey's Counsel, which shall be maintained pursuant to Treasury Regulation § 1.468B-1, *et seq.*

2.2    No later than 21 days after the Court grants the Motion for Preliminary Approval of this Settlement, Dickey's will deposit $2,350,000 into the Qualified Settlement Fund escrow account.

2.3    As further described in this Agreement, the Qualified Settlement Fund shall be the sole source of monetary funds for all relief referenced below and shall be used by the Notice and Claims Administrator to pay for:

(a) Taxes and Tax-Related Expenses;

(b) Monetary compensation;

(c) Credit Services;

(d) Notice and Administrative Expenses;

(e) Attorneys' Fees, Costs, and Expenses; and Service Awards to the representative Plaintiffs; and

(f) Any other remuneration called for by this Agreement, other than Dickey's expenses and attorneys' fees, costs, and expenses related to the Litigation.

2.4     No amounts may be withdrawn from the Qualified Settlement Fund unless: (i) expressly authorized by this Agreement; or (ii) approved by the Court, except that up to the agreed upon amount in writing may be used to provide notice to Settlement Class Members under the notice plan approved by the Court and to pay for approved administrative expenses. In no event will any amount deposited in the Qualified Settlement Fund revert, be refunded, or otherwise be credited to Dickey's. The Notice and Claims Administrator shall be frugal and prudent in incurring notice and administrative expenses.

2.5     The Notice and Claims Administrator, subject to such supervision and direction of the Court and/or Co-lead Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Qualified Settlement Fund to Settlement Class Members pursuant to this Agreement.

2.6     The Notice and Claims Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Qualified Settlement Fund and amounts paid under the Settlement.

2.7     All funds held in the Qualified Settlement Fund shall be deemed to be in the custody of the Court upon the deposit of those funds until such time as the funds shall be distributed to Settlement Class Members or used as otherwise disbursed pursuant to this Agreement and/or further order of the Court.

2.8     The Settling Parties agree that the Qualified Settlement Fund is intended to be maintained within the meaning of Treasury Regulation § 1.468B-1, and that the Notice Claims Administrator, within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Qualified Settlement Fund and paying from the Qualified Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Settling Parties agree that the Qualified Settlement Fund shall be treated as an escrow account from the earliest date possible, and they agree to any relation-back election required to treat the Qualified Settlement Fund as an escrow account from the earliest date possible.

2.9     All Taxes and Tax-Related Expenses shall be paid out of the Qualified Settlement Fund and shall be timely paid by the Notice and Claims Administrator without prior order of the Court. Further, the Notice and Claims Administrator shall indemnify and hold harmless the Settling Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments).

2.10    The Settling Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Representative Plaintiff or any Settlement Class

Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Qualified Settlement Fund.

2.11    Each Representative Plaintiff and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Qualified Settlement Fund pursuant to this Agreement.

2.12    Dickey's and its counsel shall not have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of Class Counsel, the Notice and Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Qualified Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Qualified Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses incurred in connection with the taxation of the Qualified Settlement Fund or the filing of any returns. Dickey's also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the settlement.

2.13    The Representative Plaintiffs and Class Counsel, and their respective firms, shall not have any liability whatsoever with respect to any acts taken pursuant to the terms of this Agreement, including, but not limited to: (i) any act, omission or determination of the Notice and Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Qualified Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Qualified Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses incurred in connection with the taxation of the Qualified Settlement Fund or the filing of any returns.

## III.    SETTLEMENT BENEFITS

3.1    All Settlement Class Members who submit a valid claim using the Claim Form, which is attached as **Exhibit C** to this Settlement Agreement, may request one of the following: (i) Expense Reimbursement Option, (ii) Cash Option, or (iii) Credit Services Option by submitting a Claim Form selecting one of the above to the Notice and Claims Administrator no later than 135 days after Preliminary Approval, or other deadline approved by the Court (the "Claims Deadline").

3.2    The Notice and Claims Administrator shall verify that each Person who submits a Claim Form is a Settlement Class Member. No Settlement Class Member may have more than one valid Claim Form. Ambiguities or deficiencies on the face of the Claim Form shall be resolved by the Notice and Claims Administrator.

3.3    Expense Reimbursement Option. Settlement Class Members may submit Claim Forms selecting the Expense Reimbursement Option. Claims will be subject to review for completeness and plausibility by the Notice and Claims Administrator.

(a) Compensation for unreimbursed losses upon submission of a valid and timely Claim and supporting documentation, for Out-of-Pocket Losses more likely than not resulting from the Security Incident, up to a maximum amount of $5,000.

(b) The Notice and Claims Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met to award payments for Out-of-Pocket Losses.

3.4     Cash Option. Settlement Class Members may select a cash payment, estimated in the amount of $100 for California Class Members and $50 for non-California Class Members. Residency shall be determined by the Settlement Class Member's primary residence during the time of the Security Incident. The amount of the Cash Option payment will be calculated in accordance with ¶ 3.6 below.

3.5     Credit Services Option. Settlement Class Members may select Credit Services on the Claim Form. The Credit Services will consist of a 24-month plan providing: (i) three-bureau credit monitoring, (ii) identity restoration services that provide professional fraud resolution assistance to Settlement Class Members who experience identity theft or fraud, helping them with identity recovery and restoration, and (iii) $1,000,000 of identity theft insurance coverage. Credit Services are valid to be activated within twelve months from the mailing or emailing of the activation code.

3.6     The Qualified Settlement Fund shall be used to pay, in the following order: (i) all Costs of Claims Administration; (ii) Fee Award and Costs; (iii) the costs of providing the Credit Services; (iv) approved Claims for Expense Reimbursement; (v) approved Cash Option claims. The value of Cash Option claims will be calculated by subtracting from the Qualified Settlement Fund the expenses listed as (i)-(iv) in the preceding sentence ("Remaining Fund"). The Remaining Fund will be divided by the total of double the number of valid claims submitted by California residents plus the number of valid claims submitted by non-California residents. The resulting amount will equal the "Base Amount" to be distributed to non-California Class Members; California Class Members will receive twice the Base Amount (i.e. Base Amount=Remaining Fund ÷ ((2 × # of valid CA claims) + (# of valid non-CA claims))).

3.7     The Qualified Settlement Fund shall be the sole source of monetary funds for the relief set forth herein.

3.8     For any payments returned to the Notice and Claims Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Notice and Claims Administrator shall make reasonable efforts to locate a valid address and resend the payment within 30 days after the payment is returned to the Notice and Claims Administrator as undeliverable. In attempting to locate a valid address, the Notice and Claims Administrator is authorized to send an email and/or place a telephone call to that Settlement Class Member to obtain updated address information. Only one replacement payment may be issued per Settlement Class Member.

3.9     If the Notice and Claims Administrator is notified that a Settlement Class Member is deceased, the Notice and Claims Administrator is authorized to reissue payment to the

Settlement Class Member's estate upon receiving proof that the Settlement Class Member is deceased and after consultation with Class Counsel.

3.10    Residual Funds. If any monies remain in the Qualified Settlement Fund more than one hundred fifty (150) days after the distribution of Settlement Payments to the Settlement Class Members is complete, a subsequent payment will be evenly made to all Settlement Class Members with Approved Claims who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Qualified Settlement Fund shall continue until the average check amount in a distribution is less than Three Dollars and No Cents ($3.00). If the average check amount in a distribution would be less than Three Dollars and No Cents (less than $3.00), then, if possible, the remaining Qualified Settlement Fund will be used to extend the Credit Services to Settlement Class Members receiving that benefit for as long as reasonably possible. Any amount remaining in the Qualified Settlement Fund after said extension is accomplished, if any, shall be distributed to a Non-Profit Residual Recipient subject to court approval.

3.11    Business Practices Changes. The parties agree that as part of the settlement consideration, Dickey's, at its sole and separate expense, shall adopt, pay for, implement, and maintain the following business practices changes related to information security to safeguard customers' and Settlement Class Members' payment card information for a period of no less than three years from the time when the applicable business practice change is initiated. The cost of the measures in this Section will not be paid from the Qualified Settlement Fund.

      (a) Multi-Factor Authentication. Dickey's will protect remote access credentials to franchisee servers behind Multi-Factor Authentication.

      (b) Firewall Rules. Dickey's will update firewall rules at Dickey's Barbecue Pit® locations protected by NuArx-managed firewalls to restrict all inbound and outbound traffic not explicitly permitted.

      (c) EMV Point of Sale Systems. Dickey's will continue to mandate through its agreements with franchisees that franchised restaurants migrate to an EMV (Europay, MasterCard and Visa) point of sale system.

      (d) Annual Security Awareness Training. Dickey's will provide annual security awareness training for its employees.

      (e) Information Security Program. Dickey's will maintain a reasonable Written Information Security Program ("WISP") that is updated from time to time and distributed to all employees as part of the Annual Security Awareness Training in ¶ 3.11(d). This WISP will address, among other things, implementing and maintaining reasonable safeguards to protect the security of company, employee, and customer information and address data privacy risks and threats posed to that information. Dickey's will also identify internal and external risks to the security of its customers' payment card information that could result in unauthorized access to the company's system, and periodically review the sufficiency of any safeguards in place to control these risks. Dickey's will develop security metrics that measure

its security program and will ensure that such metrics are periodically reviewed and approved by senior leadership. All Dickey's employees, including new hires, must review, and agree to maintain and uphold, the policies, practices and procedures that encompass the WISP.

(f)     Network Monitoring and Threat Management. Dickey's will maintain, regularly review, and revise as necessary, a process to conduct risk-based monitoring of security events on Dickey's network and require that tools used to perform network monitoring be appropriately monitored and tested to assess proper configuration and maintenance. The process shall include an assessment of the security events and appropriate remediation timelines based on severity.

(g)     Identity and Access Management. Dickey's will implement and maintain an identity access management solution to appropriately manage users of its internal applications and the services they can or cannot access and implement and maintain a policy to protect who has rights to access and use different information resources and guard against unauthorized use.

(h)     Patch Management. Dickey's will maintain a process to keep up-to-date operating system security patches on all company owned and managed workstations and servers.

(i)     Enhanced Password Protection. Dickey's has increased the frequency of salting and hashing of user passwords vs. the frequency in place at the time of the Security Incident and will require users to employ more complex account passwords. Dickey's will migrate user passwords to a third-party authentication platform that is rated as ISO 27001 compliant to enable enhanced anomaly detection and monitoring and protection against bot, brute force, and other types of attacks.

(j)     At the Final Fairness Hearing, Dickey's shall file a report with the Court, with a copy to Class Counsel, detailing the status of its compliance with the business practices changes set forth in this paragraph. The report shall be certified by Dickey's Chief Technology Officer, who has responsibility for overseeing the business practices changes set forth herein.

## IV.     CLAIM RESOLUTION

4.1     Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claimant is a Settlement Class Member, the Notice and Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant 30 days to cure the defect before rejecting the claim. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

4.2     Following receipt of additional information requested as Claim Supplementation, the Notice and Claims Administrator shall have 30 days to accept or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Notice and Claims Administrator determines that such a claim is valid, either in whole or in part, then the claim shall

be paid, to the extent that the Notice and Claims Administrator finds the claim to be valid. If the claim is not valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Notice and Claims Administrator may reject the claim without any further action, subject to the provisions of ¶ 4.1.

4.3     A Settlement Class Member shall have 30 days thereafter to appeal the Notice and Claims Administrator's determination.

4.4     If there is any ambiguity with respect to a Settlement Class Member's election of monetary compensation or Credit Services and the Notice and Claims Administrator cannot resolve the ambiguity, the ambiguous Claim Form shall default to providing a Cash Option payment under ¶ 3.4.

## V.     PRELIMINARY APPROVAL AND NOTICE OF FAIRNESS HEARING

5.1     Within 14 days after the execution of the Settlement Agreement, Co-lead Class Counsel shall prepare a Motion for Preliminary Approval and provide it to Dickey's Counsel for review. No later than five business days after that, Co-lead Class Counsel and Dickey's Counsel shall jointly submit this Settlement Agreement to the Court and file a Motion for Preliminary Approval of the settlement with the Court, requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit A**, or an order substantially similar to such form in both terms and cost, requesting, among other things:

(a) certification of the Settlement Class for settlement purposes only;

(b) preliminary approval of the Settlement Agreement as set forth herein;

(c) appointment of Proposed Co-lead Lead Class Counsel and Additional Class Counsel;

(d) appointment of the Representative Plaintiffs as the Class representatives;

(e) appointment of the Notice and Claims Administrator;

(f) as soon as practicable, the Notice and Claims Administrator shall establish the Settlement Website. The Parties shall meet and confer and choose a mutually acceptable URL for the Settlement Website; and

(g) approval of a Claim Form substantially similar to that attached hereto as **Exhibit C**.

The Short Notice, Long Notice, Publication Notice, and Claim Form shall be reviewed by the Notice and Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

5.2     The cost of notice to the Settlement Class in accordance with the Preliminary Approval Order, together with the Costs of Claims Administration, shall be paid from the Qualified Settlement Fund. Attorneys' fees, costs, and expenses of Class Counsel shall also be paid from the Qualified Settlement Fund. Notice shall be provided to Settlement Class Members by a nationally recognized notice provider and in a manner that satisfies constitutional requirements and due

process. The notice plan shall be subject to approval by the Court as meeting the requirements of Fed. R. Civ. P. 23 and constitutional due process requirements. The Notice and Claims Administrator shall establish a dedicated Settlement Website and shall maintain and update the website throughout the claim period, with the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement. A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries (with the cost of any such help line and live operators to be paid from the Qualified Settlement Fund). The Notice and Claims Administrator also will provide copies of the forms of Short Notice, Long Notice, Publication Notice, and Claim Form approved by the Court, as well as this Settlement Agreement, upon request. Prior to the Final Fairness Hearing, Proposed Co-lead Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. The Short Notice, Long Notice, Publication Notice, and Claim Form approved by the Court may be adjusted by the Notice and Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval. The Notice Program shall commence within 15 days of the entry of the Preliminary Approval Order and shall be completed within 45 days of the entry of the Preliminary Approval Order.

5.3    Proposed Co-lead Class Counsel and Dickey's Counsel shall request the Court hold a hearing (the "Final Fairness Hearing") after Notice is completed and grant final approval of the Settlement set forth herein. The requested date for the Final Approval hearing shall be approximately six months from the date of preliminary approval.

## VI.    OPT-OUT PROCEDURES

6.1    Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated postal address established by the Notice and Claims Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class, which intent shall be determined by the Notice and Claims Administrator. Written notice must be postmarked by the Claims Deadline to be effective. Settlement Class Members may only opt-out on behalf of themselves; mass or class opt-outs will not be valid.

6.2    All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 6.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 6.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

6.3    Commencing one week from the date Notice commences, the Notice and Claims Administrator will notify Dickey's Counsel and Co-lead Class Counsel regarding the number of potential Settlement Class Members that have elected to opt-out of the Settlement Class and will continue to provide weekly updates. No later than 10 days after the Claims Deadline, the Notice and Claims Administrator shall provide a final report to Co-lead Class Counsel and Dickey's Counsel that summarizes the number of written notifications of Opt-Outs received to date, and other pertinent information as requested by Co-lead Class Counsel and Dickey's Counsel.

6.4     In the event that 750 potential Settlement Class Members have elected to Opt-Out of the Settlement Class, Dickey's may terminate this Settlement Agreement and any settlement terms or agreements then in effect subject to ¶ 12.2. In this event, Dickey's shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel.

## VII.   OBJECTION PROCEDURES

7.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all Persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than the Claims Deadline, and served concurrently therewith upon the Notice and Claims Administrator at the address provided in the Notice; and Dickey's Counsel, Ian C. Ballon, Esq., Greenberg Traurig, LLP, 1900 University Avenue, 5th Floor, East Palo Alto, CA 94303.

7.2     Except upon a showing of good cause, any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 7.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 7.1.

7.3     Submitting an objection notice under this Section shall constitute the objecting Settlement Class Member's consent to jurisdiction of the Court and to accept service of process, including subpoenas for testimony, at the email address provided in the objection notice.

7.4     A Settlement Class Member who files an objection waives the right to Opt-Out, and vice versa.

## VIII.   RELEASE

8.1     Upon the date the Judgment becomes Final, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Persons. Further, upon the date the Judgment becomes Final, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall,

either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

## IX.  PROPOSED CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1     The Settling Parties did not negotiate the payment of the Representative Plaintiffs' attorneys' fees, costs, expenses. Co-lead Class Counsel may make a Fee Application to the Court. Proposed Co-lead Class Counsel will do so and advise that they will seek one-third of the Qualified Settlement Fund for fees and, additionally, a reasonable amount for out-of-pocket costs and expenses, as well as Representative Plaintiffs' awards of $1,500 for each.

9.2     Co-lead Class Counsel will request that the Court approve up to one-third of the Qualified Settlement Fund for their attorneys' fees, reasonable costs and expenses of the Litigation. Co-lead Class Counsel, in their sole discretion, shall allocate and distribute attorneys' fees, costs, and expenses awarded by the Court among Class Counsel. The amount of attorneys' fees, costs, and expenses to be awarded shall be a matter of complete discretion of the Court upon consideration of the complete factual record before the Court at the Final Fairness Hearing.

9.3     The Fee Award and Costs are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount of any attorneys' fees, costs, expenses shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## X.  ADMINISTRATION OF CLAIMS

10.1     The Notice and Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members. Co-lead Class Counsel and Dickey's Counsel shall be given reports as to both claims and distribution periodically or as requested, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. Any determination by the Notice and Claims Administrator regarding the validity or invalidity of any such claims shall be binding, subject to the Claim Resolution process set forth in Section 4.

10.2     Checks, digital payments (as made optionally available at the discretion of the Notice and Claims Administrator), and/or activation codes for Credit Services for approved claims shall be transmitted or mailed and postmarked within 60 days of the date the Judgment becomes Final.

10.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

10.4    No Person shall have any claim against Dickey's, Proposed Co-lead Class Counsel, Proposed Class Counsel, Additional Plaintiffs' Counsel, Dickey's Counsel, any of the Released Parties and the Representative Plaintiffs based on distributions of benefits to Settlement Class Members or any alleged failure by Dickey's to implement the Business Practices Changes in ¶ 3.11.

10.5    Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by Dickey's and the Notice and Claims Administrator.

## XI.    DUTIES OF NOTICE AND CLAIMS ADMINISTRATOR

11.1    The Notice and Claims Administrator shall perform the functions specified in this Agreement and its Exhibits, including, but not limited to:

(a) Providing notice of this Settlement, to the extent reasonably available, to Settlement Class Members;

(b) Obtaining information, to the extent reasonably available, to establish a reasonably practical procedure to verify Settlement Class Members;

(c) Effecting the notice plan as approved by the Court;

(e) Establishing and maintaining a Post Office box or other mailing address for mailed written notifications of Opt-Out from the Settlement Class;

(f) Establishing and maintaining the settlement website that, among other things, allows Settlement Class Members to submit claims electronically;

(g) Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

(h) Responding to any mailed or emailed Settlement Class Member inquiries;

(i) Mailing paper copies of the Notice and/or Claim Forms to Settlement Class Members who request them;

(j) Processing all written notifications of Opt-Outs from the Settlement Class;

(k) Providing reports on Opt-Out notices received;

(l) In advance of the Final Fairness Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the notice plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided written notification of Opt-Out;

(m) Within 60 days after the date the Judgment becomes Final, provide activation instructions and/or payment via paper checks or digital payment, either electronically or by U.S. or International Mail, to Settlement Class Members who have submitted valid claims for: (i) Credit Services or (ii) monetary compensation as set forth herein;

(n) Providing weekly reports and a final report to Co-lead Class Counsel and Dickey's Counsel that summarize the number and amount of claims and Opt-Outs since the prior reporting period, the total number and amount of claims and Opt-Outs received to date, the number and amount of any claims approved and denied since the prior reporting period, the total number and amount of claims approved and denied to date, and other pertinent information as requested by Co-lead Class Counsel and Dickey's Counsel;

(o) Paying all Taxes and Tax-Related Expenses from the Qualified Settlement Fund;

(p) Performing any function related to settlement administration at the agreed upon instruction of both Co-lead Class Counsel and Dickey's Counsel in a frugal and prudent manner, including, but not limited to, verifying that cash payments have been distributed;

(q) Determining the validity of, and processing all claims submitted by Settlement Class Members; and

(r) Overseeing administration of the Qualified Settlement Fund.

11.2     All expenses incurred by the Notice and Claims Administrator shall be paid solely from the Qualified Settlement Fund.

## XII.    CONDITIONS    OF    SETTLEMENT,    EFFECT    OF    DISAPPROVAL, CANCELLATION, OR TERMINATION

12.1     In the event any of the following events, this Settlement Agreement shall be canceled and terminated subject to ¶ 12.2 unless Class Counsel and Dickey's Counsel mutually agree in writing to proceed with the Settlement Agreement: (i) the Court declines to enter an Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing as set forth in ¶ 5.1; (ii) a Party has exercised any option to terminate the Settlement Agreement provided by this Agreement or its Exhibits; or (iii) the Court declines to enter the Judgment granting final approval to the settlement as set forth herein.

12.2     In the event that (i) the Settlement Agreement is not approved by the Court and one or both parties decide not to revise the terms of the Settlement Agreement to address the Court's concerns and seek approval of a revised agreement, or (ii) the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, including ¶ 6.4, then (a) the Settling Parties shall be restored to their respective positions in the Litigation as if the Agreement had never been entered into, any remaining funds in the Qualified Settlement Fund shall immediately be returned to Dickey's within seven business days, and the Settling Parties shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation

or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of the Settlement Agreement.

12.3    The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved. Any agreements between the Parties or motions in support of certification of a settlement class and/or approval of the settlement filed with the Court shall be inadmissible in connection with any subsequent motion in support of or in opposition to class certification made in the Litigation.

12.4    Dickey's will cooperate to provide reasonable and adequate information to Co-lead Class Counsel so that they can perform sufficient due diligence to be able to move for preliminary approval of this settlement and class certification in good faith.

12.5    Co-Lead Class Counsel will use their reasonable efforts to gain support from plaintiffs in all actions presently pending against Dickey's related to the underlying Security Incident.

## XIII.  MISCELLANEOUS PROVISIONS

13.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

13.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation and the Released Claims. The settlement compromises any and all claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

13.3    Neither this Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the

validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) may be cited or relied upon to support any private cause of action or claim in any court, administrative agency or other tribunal. Any of the Released Persons may file this Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

13.5    This Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This Settlement Agreement supersedes all previous agreements made by the Settling Parties, except that all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

13.6    Proposed Co-lead Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

13.7    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

13.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

13.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

13.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

13.11    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of

the Settling Parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to choice of law principles.

     13.12   All dollar amounts are in United States dollars.

     13.14   Within 10 days of the filing of Plaintiffs' Motion for Preliminary Approval, Dickey's shall provide CAFA notice required by 28 U.S.C. § 1715(b).

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

**Proposed Co-Lead Class Counsel:**

Date:   August 11, 2021
_____
Ben Barnow
Barnow and Associates, P.C.

Date:   August 10, 2021
_____
Benjamin F. Johns
Chimicles Schwartz Kriner & Donaldson-Smith LLP

Date: August 11, 2021
_____
John A. Yanchunis
Morgan & Morgan Complex Litigation Group

**Dickey's Counsel:**

Date:   **August 11, 2021**
_____
Ian C. Ballon
Greenberg Traurig, LLP

Date:   August 11, 2021
_____
Christopher S. Dodrill
Greenberg Traurig, LLP

**SETTLEMENT AGREEMENT – Page 21**

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEMI KOSTKA, et al., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>            v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC., et al.,<br><br>      Defendants. | No. 3:20-cv-3424-K<br><br>Hon. Ed Kinkeade<br><br>**Consolidated with:**<br><br>Civil Action No. 3:20-cv-3603-K<br>Civil Action No. 3:21-cv-0137-K<br>Civil Action No. 3:21-cv-0769-K |

**[PROPOSED] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS
ACTION SETTLEMENT, APPROVING THE FORM AND MANNER
OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This cause is before the Court on Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting memorandum of law, the parties' Settlement Agreement (the "Settlement Agreement"), the proposed forms of notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice Plan should be approved. Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED as set forth below**:

**Preliminary Approval of Settlement Agreement**

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants Dickey's Barbecue Restaurants, Inc. and Dickey's Capital Group, Inc.

("Dickey's" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3.       The Court finds that the proposed Settlement with Dickey's set forth in the Settlement Agreement is fair, reasonable, and adequate, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Provisional Certification of the Settlement Class**

4.       Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) ("Settlement Class"):

> All residents of the United States who used a payment card to make a purchase at a "Dickey's Barbecue Pit®" restaurant identified in Exhibit B [of the Settlement Agreement] between April 23, 2019, and October 29, 2020. The Settlement Class specifically excludes: (i) Dickey's and its officers and directors; (ii) all Settlement Class Members who timely and validly request to opt-out from the Settlement Class; (iii) any Person who has agreed to release his or her claim(s) against Dickey's arising out of or related to the Security Incident; and (iv) the Judge assigned to evaluate the fairness of this settlement and all court personnel directly involved therewith.

5.       Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, as set forth in Federal Rule of Civil Procedure 23(a) and (b), are satisfied in that:

    (a)     the Settlement Class is so numerous that joinder of all members is impracticable;

    (b)     there are questions of law or fact common to the Settlement Class;

    (c)     Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

    (d)     the claims of Plaintiffs are typical of those of Settlement Class Members;

    (e)     common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)    Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)    settlement of the Actions on a class action basis is superior to other means of resolving this matter.

6.    The Court appoints as Co-Lead Class Counsel Ben Barnow, of Barnow and Associates, P.C.; Benjamin F. Johns, of Chimicles Schwartz Kriner & Donaldson-Smith LLP; and John A. Yanchunis, of Morgan & Morgan Complex Litigation Group having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. It also appoints as Additional Class Counsel Bruce W. Steckler and Paul D. Stickney, of Steckler Wayne Cochran PLLC, Anthony L. Parkhill, of Barnow and Associates, P.C.; Samantha E. Holbrook, of Chimicles Schwartz Kriner & Donaldson-Smith LLP; and Brian P. Murray, of Glancy Prongay & Murray LLP.

7.    The Court appoints Plaintiffs Demi Kostka, Vincent Jear, Latorsha Adams, Tammy Jeary, Gabrielle McGuird, Jennifer Roy, Robert Stroman, Veronica Snyder, and Lashawn Parker to serve as Representative Plaintiffs for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

8.    The Court approves the Notices of Pendency and Proposed Settlement of Class Action (the "Settlement Notices") and finds that the dissemination of the Notices substantially in the manner and form set forth in the Notice Plan attached to the Motion complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law and is the best notice practicable under the circumstances. Non-material modifications to the Settlement Notices may be made without further order of the Court.

9.      The notice procedures described in the Notice Plan attached to the Motion are hereby found to be the best means of providing notice under the circumstances; are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement; and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10.      The Claims Administrator is directed to carry out the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement. No later than forty-five (45) days from the date of this Order preliminarily approving the Settlement, the Claims Administrator shall initiate the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.

11.      All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Qualified Settlement Fund.

12.      The claim form attached to the Settlement Agreement satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The claim form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class member that requests one.

**Responses by Class Members and the Scheduling of a Final Approval Hearing**

13.      Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to 135 days from the date of this order.

4

14.     Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Counsel for Dickey's and to the designated Post Office box established by the Claims Administrator on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

15.     Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class member objected to the Settlement and whether or not such Class member received consideration under the Settlement Agreement.

16.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on _____, 2022 at _____ Courtroom ___ of the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242.

17.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for

the Court to award a service award to the Representative Plaintiffs, shall also be heard at the time of the hearing.

18.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

19.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

20.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) service award requests, by serving a written objection upon Class Counsel, Dickey's counsel, and the Court.

21.     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the

objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all Persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than the Claims Deadline, and served concurrently therewith upon the Notice and Claims Administrator at the address provided in the Notice; and Dickey's Counsel, Ian C. Ballon, Esq., Greenberg Traurig, LLP, 1900 University Avenue, 5th Floor, East Palo Alto, CA 94303. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member and each Settlement Class member must have complied with the requirements of this Order. No Objector may appear at the hearing unless the Objector indicates an intent to appear.

22.     Objections, along with any notices of intent to appear and any supporting documents, must be filed with the Clerk of the Court no later than one hundred and thirty-five (135) days after the Preliminary Approval Order is entered. These documents must be filed with the Clerk of the Court electronically or at the following address:

U.S. District Court for the Northern District of Texas
Office of the Clerk of Court
Room 1452
1100 Commerce Street
Dallas, TX 75242

23.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

24.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

25.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendants with respect to all of the Released Claims.

26.     Dickey's shall prepare and send, at the expense of Dickey's, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Dickey's shall cooperate promptly and fully in the preparation of such notices, including providing Dickey's with any and all information in their possession necessary for the preparation of these notices. Dickey's shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Defendants shall provide notice to Class Counsel and the Court of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

27.     The schedule by which the events referenced above should occur is as follows:

| Event | Date |
|-------|------|
|       |      |

| | |
|---|---|
| Dickey's provides CAFA notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| Dickey's provides notice to Class Counsel and the Court of compliance with CAFA requirements | Within 10 days of providing notice to Attorneys General under CAFA |
| Class notice program commences | Within 45 days after entry of this Preliminary Approval Order |
| Compliance with CAFA waiting period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA notice |
| Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be filed by Class Counsel | At least 14 days before the objection deadline |
| Postmark deadline for requests for exclusion (Opt-Out) or objections | 135 days after entry of this Preliminary Approval Order |
| Postmark/filing deadline for filing claims | 135 days after entry of this Preliminary Approval Order |
| Motion for Final Approval to be filed by class counsel | At least 21 days before the Final Approval Hearing |
| Final Approval Hearing | No earlier than 170 days after entry of the Preliminary Approval Order |

**Administration of the Settlement**

28.     The Court hereby appoints the claims administrator proposed by the parties, Epiq (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) Providing notice of this Settlement, to the extent reasonably available, to Settlement Class Members; (b) Obtaining information, to the extent reasonably available, to establish a reasonably practical procedure to verify Settlement Class Members; (c) Effecting the notice plan as approved by the Court; (e) Establishing and maintaining a Post Office box or other mailing address for mailed written notifications of Opt-Out from the Settlement Class; (f) Establishing and

maintaining the settlement website that, among other things, allows Settlement Class Members to submit claims electronically; (g) Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries; (h) Responding to any mailed or emailed Settlement Class Member inquiries; (i) Mailing paper copies of the Notice and/or Claim Forms to Settlement Class Members who request them; (j) Processing all written notifications of Opt-Outs from the Settlement Class; (k) Providing reports on Opt-Out notices received; (l) In advance of the Final Fairness Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the notice plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided written notification of Opt-Out; (m) Within 60 days after the date the Judgment becomes Final, provide activation instructions and/or payment via paper checks or digital payment, either electronically or by U.S. or International Mail, to Settlement Class Members who have submitted valid claims for: (i) Credit Services or (ii) monetary compensation as set forth herein; (n) Providing weekly reports and a final report to Co-lead Class Counsel and Dickey's Counsel that summarize the number and amount of claims and Opt-Outs since the prior reporting period, the total number and amount of claims and Opt-Outs received to date, the number and amount of any claims approved and denied since the prior reporting period, the total number and amount of claims approved and denied to date, and other pertinent information as requested by Co-lead Class Counsel and Dickey's Counsel; (o) Paying all Taxes and Tax-Related Expenses from the Qualified Settlement Fund; (p) Performing any function related to settlement administration at the agreed upon instruction of both Co-lead Class Counsel and Dickey's Counsel in a frugal and prudent manner, including, but not limited to, verifying that cash payments have been distributed; (q)

Determining the validity of, and processing all claims submitted by Settlement Class Members; and (r) Overseeing administration of the Qualified Settlement Fund.

**Claims Process and Distribution and Allocation Plan**

29.     The parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section 2.3 of the Settlement Agreement and directs that the Claims Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved. Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the notice and the Claim Form. If final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

**Additional Provisions**

30.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect; Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendants and any other released party; and the Defendants and any other released parties shall retain any and all of their current defenses and arguments thereto (including

but not limited to arguments that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

31.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Dickey's as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

32.     Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the final Judgment, or until further order of this Court.

33.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

**IT IS SO ORDERED.**

Dated: _____          _____

                                        Hon. Ed Kinkeade
                                        United States District Judge

# Exhibit B

| Store Number | Address | City | State | Zip |
|---|---|---|---|---|
| AL-0937 | 6886 Governors W. Suite 112 | HUNTSVILLE | AL | 35806 |
| AL-1364 | 2115 E Main St | Dothan | AL | 36301 |
| AL-1012 | 7721 Airport Blvd #E100 | MOBILE | AL | 36608 |
| AL-0953 | 13544 HWY 43 North | NORTHPORT | AL | 35475 |
| AR-0239 | 105 S. Dixieland Rd Ste A | LOWELL | AR | 72745 |
| AR-0706 | 3213 Main St Suite 1 | ALEXANDER | AR | 72022 |
| AR-0656 | 407 S MAIN ST | SEARCY | AR | 72143 |
| AZ-0874 | 402 E Greenway Pkway Ste 2 | PHOENIX | AZ | 85022 |
| AZ-1183 | 7077 N. Thornydale RD. A1 | MARANA | AZ | 85741 |
| AZ-1413 | 16581 BELL RD | SURPRISE | AZ | 85374 |
| AZ-1415 | 15525 W ROOSEVELT ST STE108 | GOODYEAR | AZ | 85338 |
| AZ-0403 | 1914 S Power Rd | Mesa | AZ | 85206 |
| AZ-0515 | 7919 E Thomas Rd | Scottsdale | AZ | 85251 |
| AZ-1417 | 10005 W McDowell Rd Ste 101 | AVONDALE | AZ | 85392 |
| AZ-1418 | 2815 West Peoria Ave #101 | PHOENIX | AZ | 85051 |
| AZ-1449 | 3125 E INDIAN SCHOOL RD | PHOENIX | AZ | 85016 |
| AZ-1545 | 195 South Hwy 92 Suite E | SIERRA VISTA | AZ | 85635 |
| AZ-1577 | 4722 E CACTUS RD | PHOENIX | AZ | 85032 |
| AZ-1644 | 1877 E WILLIAMS FIELD RD S1 | GILBERT | AZ | 85295 |
| AZ-1645 | 1208 S Ellsworth Rd | MESA | AZ | 85209 |
| CA-0201 | 16391 Sierra Lakes Parkway | FONTANA | CA | 92336 |
| CA-0650 | 2363 East Colorado Blvd | PASADENA | CA | 91107 |
| CA-0700 | 1586 GATEWAY BLVD. STE C-7 | FAIRFIELD | CA | 94533 |
| CA-0739 | 1668 E. 2ND ST. STE H | BEAUMONT | CA | 92223 |
| CA-0829 | 227 E. Main St. | VISALIA | CA | 93291 |
| CA-0954 | 5606 Balboa Ave #105 & 106 | SAN DIEGO | CA | 92111 |
| CA-1000 | 2959 JAMACHA RD. #2959C | EL CAJON | CA | 92021 |
| CA-1112 | 13403 TELEGRAPH RD. | WHITTIER | CA | 90605 |
| CA-1163 | 1054 W AVE K | LANCASTER | CA | 93534 |
| CA-1200 | 29273 CENTRAL AVE STE B | LAKE ELSINORE | CA | 92532 |
| CA-1247 | 1459 Martin King Jr Way | MERCED | CA | 95340 |
| CA-1248 | 1197 Sanguinetti Rd | SONORA | CA | 95370 |
| CA-1250 | 8855 APOLLO WAY STE 208 | DOWNEY | CA | 90242 |
| CA-1604 | 116 E Compton Blvd | COMPTON | CA | 90220 |
| CA-1075 | 18742 SOLEDAD CANYON RD | SANTA CLARITA | CA | 91351 |
| CA-1085 | 19201 Bear Valley Road #I-C | APPLE VALLEY | CA | 92308 |
| CA-1263 | 1090 Huntington Drive | DUARTE | CA | 91010 |
| CA-1305 | 5200 E Ramon Rd, G5&6 | PALM SPRING | CA | 92264 |
| CA-0777 | 3540 Riverside Plaza Dr | Riverside | CA | 92506 |
| CA-0975 | 15338 South Harlan Road | LATHROP | CA | 95330 |
| CA-0568 | 40315 WINCHESTER RD STE D | TEMECULA | CA | 92591 |
| CA-0723 | 12569 LIMONITE AVE #330 | EASTVALE | CA | 91752 |
| CA-1086 | 12699 MAIN STREET, STE 100 | HESPERIA | CA | 92344 |
| CA-1249 | 42452-4 Bob Hope Drive | RANCHO MIRAGE | CA | 92270 |
| CA-1353 | 344 S. TWIN OAKS VALLEY RD. | SAN MARCOS | CA | 92078 |

| CA-1384 | 12620 Day St STE E | MORENO VALLEY | CA | 92553 |
|---------|--------------------|---------------|----|----|
| CA-1493 | 21 FAIR LN | PLACERVILLE | CA | 95667 |
| CA-1614 | 1725 NORTHPARK BLVD | SAN BERNARDINO | CA | 92407 |
| CA-1716 | 1335 W Imola Ave | NAPA | CA | 94559 |
| CA-1512 | 2517 184TH ST | REDONDO BEACH | CA | 90278 |
| CA-1591 | 12270 BASE LINE RD #159 | RANCHO CUCAMONGA | CA | 91730 |
| CA-0370 | 9035 Reseda Blvd. | LOS ANGELES | CA | 91324 |
| CA-0428 | 5434 YGNACIO VALLEY RD | CONCORD | CA | 94521 |
| CA-0571 | 1212 El Camino Real Ste C-D | SAN BRUNO | CA | 94066 |
| CA-0669 | 3140 Countryside Drive | TURLOCK | CA | 95380 |
| CA-0778 | 1125 W Rancho Vista Blvd #B | PALMDALE | CA | 93551 |
| CA-1009 | 1941 W. Malvern | FULLERTON | CA | 92833 |
| CA-1067 | 2063 RANCHO VALLEY DR #340 | POMONA | CA | 91766 |
| CA-1088 | 9359 Central Ave #A | MONTCLAIR | CA | 91763 |
| CA-1169 | 2207 Claribel Rd STE D | RIVERBANK | CA | 95367 |
| CA-1170 | 2435 E. Emperial HWY STE E | BREA | CA | 92821 |
| CA-1174 | 2165 Arnold Way | ALPINE | CA | 91901 |
| CA-1239 | 30451 Avenida De Las Flores | RANCHO SANTA MARGA | CA | 92688 |
| CA-1283 | 79775 Ca-111 | LA QUINTA | CA | 92253 |
| CA-1319 | 1950 XIMENO AVE | LONGBEACH | CA | 90815 |
| CA-1336 | 4415 Howard Rd | WESTLEY | CA | 95387 |
| CA-1358 | 713 Woollomens Ave | DELANO | CA | 93215 |
| CA-1480 | 5125 CANDLEWOOD RD | LAKEWOOD | CA | 90712 |
| CA-1580 | 2620 FISHER BLVD | BARSTOW | CA | 92311 |
| CO-0020 | 10230 E. ARAPAHOE ROAD | CENTENNIAL | CO | 80112 |
| CO-0124 | 459 S. MCCASLIN BLVD #6 | LOUISVILLE | CO | 80027 |
| CO-0589 | 117 W 4TH STREET | RIFLE | CO | 81650 |
| CO-0634 | 2721 SOUTH COLLEGE AVENUE | FT. COLLINS | CO | 80525 |
| CO-1149 | 6628 W 10th St Unit 102 | GREELEY | CO | 80631 |
| CO-1167 | 104 E 29TH ST UNIT C | LOVELAND | CO | 80538 |
| CO-1359 | 1935 Main St #A | LONGMONT | CO | 80501 |
| CO-1343 | 29 N. 42nd Ave. | BRIGHTON | CO | 80601 |
| DE-1579 | 2830 Pulaski Hwy | NEWARK | DE | 19702 |
| FL-0784 | 2119 TYRONE BLVD NORTH | ST PETERSBURG | FL | 33710 |
| FL-1132 | 19348 Cortez Blvd | BROOKSVILLE | FL | 34601 |
| FL-1151 | Pier Park West # 7020 | PANAMA CITY BEACH | FL | 32413 |
| FL-1154 | 2070 HIGHWAY 71 | MARIANNA | FL | 32448 |
| FL-1003 | 7175 N DAVIS HWY SHOP #31 | PENSACOLA | FL | 32504 |
| FL-1640 | 23020 state rd 54 | LUTZ | FL | 33549 |
| FL-1756 | 1480 TIGER PARK LANE | GULF BREEZE | FL | 32563 |
| FL-1526 | 10071 W FLAGLER ST. STE 110 | MIAMI | FL | 33174 |
| GA-0392 | 1109 US HWY 80 EAST UNI | POOLER | GA | 31322 |
| GA-1055 | 4005 Winder Hwy #160 | FLOWERY BRANCH | GA | 30542 |
| GA-1768 | 5369 LAUREL ISLAND PKWY | KINGSLAND | GA | 31548 |
| GA-0401 | 1610 Ridenour Blvd Ste 105 | KENNESAW | GA | 30144 |

| | | | | |
|---|---|---|---|---|
| GA-1684 | 3350 Buford Dr #A150 | BUFORD | GA | 30519 |
| GA-1378 | 2730 SPOT RD | CUMMING | GA | 30040 |
| HI-1634 | 91-710 Farrington Hwy | Kapolei | HI | 96707 |
| ID-1982 | 2845 E OVERLAND RD. #190 | MERIDIAN | ID | 83642 |
| ID-1318 | 327 W. Hanley Ave | COEUR D'ALENE | ID | 83815 |
| IL-1686 | 2951 Centerpoint Way | ELWOOD | IL | 60421 |
| IL-1389 | 6681 Grand Ave Suite A-1 | GURNEE | IL | 60031 |
| KY-0914 | 1301 WINCHESTER RD STE 325 | LEXINGTON | KY | 40505 |
| KY-1164 | 12 Carol Rd. | WINCHESTER | KY | 40391 |
| LA-0870 | 61103 AIRPORT RD STE B-C | SLIDELL | LA | 70460 |
| LA-1173 | 111 OLD CAMP RD #106 | LAFAYETTE | LA | 70508 |
| LA-1361 | 3020 Veterans Blvd. | METAIRIE | LA | 70002 |
| LA-1471 | 1736 W Prien Lake Rd | LAKE CHARLES | LA | 70601 |
| LA-1472 | 227 NORTH HWY 171 | LAKE CHARLES | LA | 70611 |
| MD-1117 | 15904 CRAIN HWY | BRANDYWINE | MD | 20613 |
| MI-1136 | 20755 HALL ROAD | MACOMB | MI | 48044 |
| MI-1309 | 4761 S Baldwin Rd | LAKE ORION | MI | 48359 |
| MI-0781 | 44741 Five Mile Rd | Plymouth | MI | 48170 |
| MI-0582 | 4825 Carroll Lake Rd | COMMERCE TOWNSHIP | MI | 48382 |
| MI-1172 | 36669 VAN DYKE | STERLING HEIGHTS | MI | 48312 |
| MI-1390 | 48975 Grand River Ave. | NOVI | MI | 48374 |
| MI-1600 | 3694 Hereford Rd | SALINE | MI | 48176 |
| MN-0429 | 5466 ST. CROIX TRAIL #100 | NORTH BRANCH | MN | 55056 |
| MN-0871 | 4960 MILLER TRUNK HWY | HERMANTOWN | MN | 55811 |
| MO-0454 | 1360 Republic Rd. | SPRINGFIELD | MO | 65804 |
| MO-0455 | 111 N MASSEY BLVD | NIXA | MO | 65714 |
| MO-0775 | 233 ILLINOIS AVE, STE 2 | FORT LEONARD WOOD | MO | 65473 |
| MO-1696 | 1040 Kingshighway | ROLLA | MO | 65401 |
| MO-0326 | 1912 S BRENTWOOD BLVD | BRENTWOOD | MO | 63144 |
| MO-0764 | 1736 NW CHIPMAN RD | LEE'S SUMMIT | MO | 64081 |
| MO-0965 | 600 S. Hwy 291 | LIBERTY | MO | 64068 |
| MO-1137 | 1348 S. Noland Rd | INDEPENDENCE | MO | 64055 |
| MO-1138 | 2510 NE VIVION RD | KANSAS CITY | MO | 64118 |
| MS-1432 | 1542 HIGHWAY 1 SOUTH | GREENVILLE | MS | 38701 |
| MS-0427 | 175 GRANDVIEW BLVD #910 | MADISON | MS | 39110 |
| MS-0444 | 1323 W Government St | BRANDON | MS | 39042 |
| MS-0640 | 11240 HWY 49N UNIT B | GULFPORT | MS | 39503 |
| MS-0618 | 1201 Hwy 49 South Ste 5 | RICHLAND | MS | 39218 |
| MT-0619 | 2519 MONTANA AVE | BILLINGS | MT | 59101 |
| MT-1368 | 175 Hutton Ranch Rd Ste 115 | KALISPELL | MT | 59901 |
| NC-0570 | 1636 Hendersonville Rd #125 | ASHEVILLE | NC | 28803 |
| NC-0296 | 10564 S HWY 15 501 | SOUTHERN PINES | NC | 28387 |
| NC-1496 | 7119 O'Kelly Chapel Rd Unit | CARY | NC | 27519 |
| ND-0891 | 4524 Memorial Hwy #103 | MANDAN | ND | 58554 |
| NE-0834 | 117 E 17TH STREET | FALLS CITY | NE | 68355 |

| NE-0956 | 3525 South Lincoln Ave | YORK | NE | 68467 |
| NM-1369 | 1410 C-D Wyoming Blvd NE | ALBUQUERQUE | NM | 87112 |
| NM-1282 | 1501 Sudderth Drive | RUIDOSO | NM | 88345 |
| NY-1404 | 3186-3220 Sheridan Drive | AMHERST | NY | 14226 |
| OH-1147 | 9540 MASON MONTGOMERY RD. | MASON | OH | 45040 |
| OH-0789 | 7769 Day Drive | PARMA | OH | 44129 |
| OH-1292 | 752 Gardner Road | SPRINGBORO | OH | 45066 |
| OH-1444 | 3915 BRITTON PARKWAY | HILLIARD | OH | 43026 |
| OH-1749 | 1081 North 21st Street | NEWARK | OH | 43055 |
| OR-1160 | 18021 NW Evergreen Pkwy #16 | BEAVERTON | OR | 97006 |
| OR-1008 | 14700 SW Murray Scholls Dr. Ste 102 | Beaverton | OR | 97007 |
| OR-1438 | 2201 LLOYD CENTER | PORTLAND | OR | 97232 |
| OR-1439 | 12000 SE 82nd Ave | Happy Valley | OR | 97086 |
| OR-1439 | 12000 SE 82ND AVE | HAPPY VALLEY | OR | 97086 |
| PA-0165 | 3221 SCHOENERSVILLE RD | BETHLEHEM | PA | 18017 |
| PA-1350 | 3401 Hartdale Dr. | CAMP HILL | PA | 17011 |
| PA-1329 | 330 Town Center Dr | YORK | PA | 17408 |
| SC-0473 | 10136 TWO NOTCH ROAD #100A | COLUMBIA | SC | 29229 |
| SC-0715 | 2003 West Lucas | FLORENCE | SC | 29503 |
| SC-0917 | 1416 HWY 17 NORTH #6 | NORTH MYRTLE BEACH | SC | 29852 |
| SD-0295 | 2200 N MAPLE AVENUE UNIT 330 | RAPID CITY | SD | 57701 |
| TN-0905 | 8113 MOORES LANE, STE 1900 | BRENTWOOD | TN | 37027 |
| TN-1578 | 115 S. HARTMANN DRIVE | LEBANON | TN | 37087 |
| TN-1429 | 3784 Parkway, Suite 101 | PIGEON FORGE | TN | 37863 |
| TX-0010 | 3700 GUS THOMASSON | MESQUITE | TX | 75150 |
| TX-0060 | 5530 S Cooper | Arlington | TX | 76017 |
| TX-0062 | 1801 BALLPARK WAY | ARLINGTON | TX | 76006 |
| TX-0077 | 1003 Hwy 77 N | WAXAHACHIE | TX | 75165 |
| TX-0079 | 3254 Irving Blvd | DALLAS | TX | 75247 |
| TX-0080 | 1301 CENTURY WAY | WYLIE | TX | 75098 |
| TX-0548 | 8006 Cedar Springs #C2190 | DALLAS | TX | 75205 |
| TX-0013 | 1150 N Plano Rd | Richardson | TX | 75081 |
| TX-0043 | 801 S Denton Tap Rd | Coppell | TX | 75019 |
| TX-0074 | 7070 Preston Rd. | FRISCO | TX | 75034 |
| TX-0006 | 2445 W Northwest Hwy #106 | DALLAS | TX | 75220 |
| TX-0009 | 14999 Preston Rd #C100 | DALLAS | TX | 75254 |
| TX-0877 | 13605 Midway Rd Suite 120 | FARMERS BRANCH | TX | 75244 |

# Exhibit C

## DICKEY'S BARBECUE SETTLEMENT CLAIM FORM

This Claim Form should be filled out by submitting this form electronically by mail if you used a credit or debit card to make a purchase at an affected Dickey's Barbecue Pit® location ("Dickey's") at any time during the Security Incident Period of April 23, 2019 to October 29, 2020 ("Security Incident"). You may receive monetary reimbursement, a lump sum cash payment, or credit monitoring services if you fill out this Claim Form, if the Settlement is approved, and if you are found to be eligible for a benefit.

The Settlement Notice describes your legal rights and options. To obtain the Settlement Notice and find more information regarding your legal rights and options, please visit the official Settlement website, XXX, or call toll-free XXX. Claim forms must be submitted online or be **postmarked by XXX.**

You can submit your claim electronically below or mailing a hard copy to the Settlement Administrator at:

[Insert]

Only one Settlement Claim may be submitted per Settlement Class Member, and only one Settlement Claim may be submitted per credit or debit card.

## 1. CLASS MEMBER INFORMATION

*Required Information (by completing this section you attest that you used a credit or debit card to make a purchase at a Dickey's Barbecue Pit® location listed here (INSERT URL/HYPERLINK) at any time during the Security Incident Period of April 23, 2019 to October 29, 2020):*

First: _____ M: _____ Last: _____

Address: _____

City: _____ State: _____ ZIP: _____

Phone: _____

Email Address: _____

***Any information that you provide as part of this settlement - including your name, e-mail address, mailing address, or any other contact information - will not be used by Dickey's or any third party for any marketing purpose, or for any other reason that is unrelated to the administration of this settlement.***

## 2. PAYMENT ELIGIBILITY INFORMATION

Please review the Settlement Notice and Section III of the Settlement Agreement, available at [settlement website], for more information on the types of benefits available and rules for receiving

benefits.

There are three types of relief available to Settlement Class Members: (A) Expense Reimbursement (up to a maximum of $5,000); (B) Cash Payment Option (estimated to be $100 for California residents and $50 for other Class Members), and (C) Credit Services Option. You are entitled to compensation in <u>only one category</u> and are required to select one option below. In order to claim a reimbursement under the Expense Reimbursement category, you must provide related documentation with your Claim Form as set forth below. You <u>do not</u> need to provide any documentary proof beyond this claim form if you are electing to receive a Cash Payment or the Credit Services Option.

Please indicate which type of award you are making a Claim for, and <u>complete *only* that section</u> below:

    ❑ Expense Reimbursement
    ❑ Cash Payment
    ❑ Credit Services Option

If you checked Expense Reimbursement or Cash Payment above, please indicate below whether you would like to receive a payment by a paper check or receive a digital payment if your claim is approved:

    ❑ Paper Check
    ❑ Digital Payment

## A. Expense Reimbursement

I attest as follows:

❑ (***Required***):  I experienced an out-of-pocket monetary loss in connection with an actual or attempted fraudulent transaction reasonably attributable to the Security Incident.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |
|      |             |        |

**Expenses listed must be supported by reasonable documentation submitted along with this claim form.**

The total amount of out-of-pocket loss that I am claiming is $_____.

***Examples***: Out-of-pocket expenses may include, but are not limited to actual money spent or lost because of unreimbursed fraud charges, bank fees, replacement card fees, late fees from transactions with third parties that were delayed due to fraud or card replacements, credit freeze fees, parking expenses or transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card, and other expenses reasonably

attributable to the Security Incident.

***Instructions*:** You can upload reasonable proof of out-of-pocket expenses by first saving one of the above forms of documentation as a document or photo to your computer or smartphone (as a screenshot, .pdf, .jpg, .jpeg or other compatible file). Then, click the link below and search for and select the file from your device to upload that file as an attachment to your claim form.



**B. Cash Payment**

I attest that at the time of the Security Incident I was (***Required***):

❑  A resident of the state of California.

❑  Not a resident of the state of California.

**C. Credit Services Option**

I elect to receive my Credit Services activation code at the following address (***select one***):

❑ Via email: _____

❑ Via postal mail: _____

_____

**3. CERTIFICATION**

I declare that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was signed and executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

Print Name: _____

Signature: _____

Date: _____

Once you've completed all applicable sections, please submit the Claim Form and upload all supporting documentation or print and mail this Claim Form and all required supporting

documentation to the address provided below, postmarked by **XXXXX.**

[Insert Settlement Administrator]

**SUBMIT**