# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| DEMI KOSTKA, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DICKEY'S BARBECUE RESTAURANTS, INC., et al., <br><br> Defendant. | CASE NO. 3:20-cv-3424-K <br><br> Hon. Ed Kinkeade |

**DECLARATION OF JUDGE WAYNE R. ANDERSEN (RET.)**

I, Judge Wayne R. Andersen (Ret.), declare as follows:

1. I am a full-time mediator and arbitrator with JAMS and have been since 2010. Prior to that, I served for nearly 19 years as a U.S. District Judge for the Northern District of Illinois and, before that, an additional seven years as a Judge in the Circuit Court of Cook County. I have personal knowledge of the information contained herein, and if called as a witness could and would testify thereto; I have been authorized by the parties to do so and to give this declaration. I am providing this declaration to describe for the Court the process by which agreement was reached on the settlement. All parties advise they expressly reserve the mediation and other applicable privileges.

2. My mediation experience concentrates on complex disputes, including, generally, various types of class actions and, specifically, data breach cases.

3. I was selected by counsel for the parties to serve as the mediator for this case. The mediation was held on June 30, 2021, remotely over a Zoom platform.

1

4. As the Court is aware, this case involves a data breach that occurred at Dickey's between April 23, 2019 and October 29, 2020. Plaintiffs alleged that Dickey's failed to implement adequate data security measures, and asserted causes of action on behalf of consumers under consumer protection statutes and other laws. Dickey's vigorously denied Plaintiffs' claims and allegations, and made clear that it would oppose Plaintiffs' motion for class certification on various grounds.

5. At my request, the parties submitted confidential mediation briefs to me in advance of the mediation. These helped me gain an understanding of the procedural posture of the case and the merits of the parties' respective positions. It was clear to me from reading these submissions that the case presented significant risks to both sides.

6. The June 30, 2021 mediation session lasted all day and into the evening. Ultimately, the parties agreed upon the settlement terms that have been presented to the Court. All of these terms were negotiated extensively during the mediation.

7. As part of the settlement negotiations and the parties' agreement, and in addition to the monetary benefits made available under the settlement, Dickey's agreed to undertake significant measures to increase its data security measures.

8. At all times, these negotiations were adversarial, conducted at arm's length, and in good faith. At all times these lawyers with whom I met zealously represented the interests of their clients. I was impressed by the quality of advocacy of counsel on both sides, and can attest that there was a significant amount of work that went into reaching the result that was achieved in this case for the benefit of Plaintiffs and the Class. I believe the parties reached a hard-fought and honest compromise.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on August 30, 2021

By: _____
Judge Wayne R. Andersen (Ret.)
JAMS
71 S. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: (312) 655-9191