# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

DEMI KOSTKA, et al., individually and on
behalf of all others similarly situated,

     Plaintiffs,

          v.

DICKEY'S BARBECUE
RESTAURANTS, INC., et al.

     Defendants.

No. 3:20-cv-3424-K

Hon. Ed Kinkeade

**Consolidated with:**

Civil Action No. 3:20-cv-3603-K
Civil Action No. 3:21-cv-0137-K
Civil Action No. 3:21-cv-0769-K

**DECLARATION OF BENJAMIN F. JOHNS IN FURTHER SUPPORT OF THE
*KOSTKA* PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**

I, Benjamin F. Johns, hereby declare as follows:

1.     I am a partner at the law firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and am among the proposed Co-Lead Counsel for the settlement class. I represent the Plaintiffs in *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424-K ("*Kostka*"), and was admitted *pro hac vice* on November 21, 2020. I have personal knowledge of the information contained herein and, if called as a witness, could and would testify competently thereto.

2.     On November 20, 2020, Plaintiffs in the *Diczhazy* case in California filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") which had sought to transfer all of the cases related to the Dickey's data breach to the Southern District of California pursuant to 28 U.S.C. § 1407.

3.     On December 14, 2020, the *Kostka* Plaintiffs filed an opposition to the *Diczhazy* Plaintiffs' motion. Specifically, we argued that an MDL was unnecessary but, if one were to be created, the most appropriate transferee forum was this Court (as opposed to the Southern District of California).

4. Counsel for Dickey's also separately filed an opposition on that same date, which also opposed the creation of an MDL but asked in the alternative that any coordinated or consolidated pretrial proceedings occur in this judicial district where Dickey's maintains its corporate headquarters.

5. On December 22, 2020, the *Diczhazy* Plaintiffs filed a reply brief in support of their November 20 motion. On that same date, the Clerk of the JPML issued a minute order which indicated that briefing on their motion was now closed.

6. Notwithstanding that minute order, roughly a month later on January 21, 2021, counsel for the *Jeary* Plaintiffs (which had just been filed the day before) filed a statement of position regarding the pending motions before the JPML. Counsel for the *Jeary* plaintiffs also simultaneously filed a notice of intent to present oral argument on the pending motions at the upcoming hearing session.

7. On January 25, 2021, the JPML issued an order denying the *Jeary* plaintiffs' request to present oral argument. Thereafter, the *Jeary* Plaintiffs notified the JPML that they were withdrawing the notice they had filed with that Court on January 21.

8. On January 28, 2021, I argued against the *Diczhazy* Plaintiffs' position before the JPML. A copy of the transcript from this hearing was previously filed on the docket. *See* DE # 47-2.

9. On February 4, 2021, the JPML issued an order denying the *Diczhazy* Plaintiffs' motion. *See In re Dickey's Barbecue Rests., Inc., Customer Data Sec. Breach Litig.*, No. MDL No. 2983, 2021 U.S. Dist. LEXIS 21952 (J.P.M.L. Feb. 4, 2021). That case was subsequently transferred here pursuant to 28 U.S.C. § 1404.

10.     On or around February 19, 2021 – well after the MDL proceedings had concluded, and some three months after we had initially filed *Kostka* in this Court – I was contacted by one of the attorneys representing the *Jeary* Plaintiffs.

11.     While these communications were cordial, it was readily apparent to me that extending an additional proposed leadership spot to a fourth firm was not practicable under the circumstances, which included the chronology of the cases on file and the work already performed in them, the number of firms involved in the various cases, and relevant experience among those firms in leading and settling consumer data breach cases.

12.     On March 11, 2021, my colleague Ben Barnow sent an email to counsel for the *Jeary* Plaintiffs which relayed our proposed three lawyer lead counsel structure, but which also stated "we certainly would be pleased to see you and your firm work cooperatively with us and support our group."

13.     On March 12, 2021, we filed a motion seeking to consolidate the related actions in this Court pursuant to FED. R. CIV. P. 42, and to appoint Ben Barnow, John Yanchunis (who filed the *Adams* case in Texas state court) and myself as interim lead counsel pursuant to FED. R. CIV. P. 23(g). *See* DE # 36. Thereafter, on March 30, 2021, the *Jeary* Plaintiffs separately filed their own motion for the appointment of lead counsel. *See* DE # 45.

I declare under penalty of perjury that the foregoing is true and correct. Executed this September 8, 2021 at Haverford, Pennsylvania.

---
BENJAMIN F. JOHNS