IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMI KOSTKA and VINCENT JEAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DICKEY'S BARBECUE RESTAURANTS INC.,<br><br>Defendant. | Civil Action No. 3:20-CV-03424-K<br><br>Consolidated with:<br><br>Civil Action No. 3:20-CV-03603-K<br>Civil Action No. 3:21-CV-00137-K<br>Civil Action No. 3:21-CV-00769-K<br>Civil Action No. 3:21-CV-01962-K<br>Civil Action No. 3:21-CV-01963-K |

## ORDER

Before the Court is Plaintiffs Vincent Jear, Demi Kostka, Latorsha Adams, Lashawn Parker, Veronica Snyder, and Robert Stroman's (the "Settling Plaintiffs") Motion for Preliminary Approval of Class Action Settlement and Plaintiffs' Brief in Support (the "Motion") (Doc. No. 62). Much has already been written about the fairness of the proposed settlement class. *See* Doc. No. 65; Doc. No. 69. However, in addition to considering any issues of fairness, the Court must also examine the propriety of preliminary certification and the separate issue of Article III standing. *See* Fed. R. Civ. P. 23; Manual for Complex Litigation (Fourth) § 21.633 (2004). With this, and having considered the Motion, the Court concludes that additional briefing is necessary.

1

Also before the Court are the Motion for Appointment of Co-Lead Class Counsel, Liaison Counsel, and Additional Class Counsel (the "Settling Plaintiffs' Motion") (Doc. No. 66), *Jeary* Plaintiffs' Motion for Appointment of Interim Lead Counsel and Liaison Counsel and Incorporated Brief (the "*Jeary* Plaintiffs' Motion") (Doc. No. 67) and Plaintiffs Ross Diczhazy and Wesley Etheridge II's Motion for Appointment of Class Counsel (the "*Diczhazy* Plaintiffs' Motion") (Doc. No. 74). After careful consideration of these Motions, the various Responses and Replies, and the applicable law, the Court **GRANTS** the Settling Plaintiffs' Motion and appoints interim class counsel as outlined below.

I.   Rule 23 and Article III Standing

The Supreme Court recently confirmed in *TransUnion LLC v. Ramirez* that "[e]very class member must have Article III standing in order to recover individual damages." 141 S. Ct. 2190, 2208, 210 L. Ed. 2d 568 (2021). The Court also stated that "the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a separate concrete harm." *Id.* at 2211. Although *TransUnion* did not involve a data breach, its holding may be relevant to these proceedings. Also, it appears to the Court that the Fifth Circuit has yet to address Article III standing for data breach cases. Therefore, based on *TransUnion* and this Court's review of the Motion, the Court **ORDERS** additional briefing on the following issues.

First, Named Plaintiffs Kostka and Jear, for example, both allegedly suffered from credit or debit card fraud, purportedly as a result of the data breach (the same or similar allegations have not been made by all Named Plaintiffs, let alone the unnamed ones). But the Settling Plaintiffs attempt to define the settlement class as "[a]ll residents of the United States who used a payment card to make a purchase at a 'Dickey's Barbecue Pit' restaurant identified in Exhibit B to the Settlement Agreement between April 23, 2019, and October 29, 2020." Doc. No. 62 at 10. Nevertheless, the Settling Plaintiffs maintain the proposed Representative Plaintiffs' claims are typical of the class as they "arise from Dickey's alleged failure to implement and maintain reasonable security measures and the resulting Security Incident, and their claims are based on the same legal theories." *Id.* at 27. Thus, the additional briefing should address issues of commonality and typicality beyond how they are already discussed in the Motion. *See* Doc. No. 66 at 26-27. It is unclear to the Court whether the Settling Plaintiffs are arguing that the unnamed plaintiffs suffered concrete harm sufficient to confer Article III standing based solely on the risk of future harm (i.e., the risk of fraud or identity theft). *Compare Tsao v. Captiva MVP Restaurant Partners, LLC*, 986 F.3d 1332 (11th Cir. 2021), *with McMorris v. Carlos Lopez & Assocs., LLC,* 995 F.3d 295 (2d Cir. 2021), *and In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir.). If not, the additional briefing should address how the Court can determine whether every putative class member has suffered the requisite concrete harm necessary for Article III standing, and whether this inquiry would run afoul of Fed. R. Civ. P.

23(b)(3)'s predominance requirement. The additional briefing should discuss the impact—if any—of the Supreme Court's recent *TransUnion* opinion on this case. *See also Rocket Mortg., LLC v. Alig*, 142 S. Ct. 748 (2022). In light of *TransUnion*, the additional briefing may discuss why the Court should apply reasoning like that used in *McMorris*, for example, as opposed to *Tsao*.

Certain Plaintiffs have also alleged violations of various state data privacy statutes. *See* Doc. No. 15 at 29-35. The briefing should address any Article III standing arguments based on these state laws—if any—along with *TransUnion*'s holding that "a plaintiff [does not] automatically [satisfy] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. An injury in law is not an injury in fact." 141 S. Ct. at 2205 (internal citation omitted).

## II. Interim Counsel

Fed. R. Civ. P. 23(g)(2)(A) allows a court to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Commentary to Rule 23 explains that interim counsel may be necessary so that there will be one attorney responsible for "tak[ing] action to prepare for the certification decision." Fed. R. Civ. P. 23 advisory committee's note. Interim counsel may also be necessary to "make or respond to motions before certification." *Id.* Interim counsel may also be appointed so that "[s]ettlement may be discussed before

4

certification." *Id.* Finally, "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." *Id.*

Considering, among other reasons, the additional cases consolidated with this action, the Motion for Preliminary Approval of Class Action Settlement, the rapidly developing case law relevant to these proceedings necessitating additional briefing, and the existing rivalry for class counsel, the Court concludes that appointing interim counsel is appropriate to protect the interests of class members and to promote effective and efficient prosecution.

When appointing interim class counsel, courts consider: "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The Court has carefully considered the Settling Plaintiffs' Motion (Doc. No. 66), the *Jeary* Plaintiffs' Motion (Doc. No. 67), and the *Diczhazy* Plaintiffs' Motion (Doc. No. 74), the various Responses and Replies, the applicable appendices, and the relevant law. Finding that they are qualified to serve as interim class counsel and will "fairly and adequately represent the interests of the class" per Rule 23(g), the Court appoints as Co-Lead Interim Class Counsel Ben Barnow, of Barnow and Associates,

5

P.C.; Benjamin F. Johns, of Chimicles Schwartz Kriner & Donaldson-Smith LLP; and John A. Yanchunis, of Morgan & Morgan Complex Litigation Group, as Interim Liaison Counsel Bruce W. Steckler, of Steckler Wayne Cochran PLLC, and as Additional Interim Class Counsel, Paul D. Stickney (Of Counsel), of Steckler Wayne Cochran PLLC, Anthony L. Parkhill, of Barnow and Associates, P.C.; Samantha E. Holbrook, of Chimicles Schwartz Kriner & Donaldson-Smith LLP; and Brian P. Murray, of Glancy Prongay & Murray LLP.

The Court hereby **DENIES** the *Jeary* Plaintiffs' Motion (Doc. No. 67) and the *Diczhazy* Plaintiffs' Motion (Doc. No. 74) without prejudice to refiling. The Court may again visit the issue of class counsel if it becomes necessary.

### III.   Conclusion

The Court **GRANTS** the Settling Plaintiffs' Motion (Doc. No. 66) and **DENIES** the *Jeary* Plaintiffs' Motion (Doc. No. 67) and the *Diczhazy* Plaintiffs' Motion (Doc. No. 74) without prejudice to refiling. The Court **ORDERS** Plaintiffs' Co-Lead Interim Counsel to submit the additional briefing on the issues outlined above by April 1, 2022. The Court hereby **STAYS** the Motion for Preliminary Approval of Class Action Settlement and Plaintiffs' Brief in Support (Doc. No. 62) pending the receipt of the additional briefing and a possible hearing.

**SO ORDERED.**
Signed March 2nd, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE