## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DEMI KOSTKA and VINCENT JEAR, individually and on behalf of all others similarly situated, | Civil Action No. 3:20-CV-03424-K |
| Plaintiffs, | **Consolidated with:** |
| v. | Civil Action No. 3:20-CV-03603-K<br>Civil Action No. 3:21-CV-00137-K |
| DICKEY'S BARBECUE RESTAURANTS INC., | Civil Action No. 3:21-CV-00769-K<br>Civil Action No. 3:21-CV-01962-K<br>Civil Action No. 3:21-CV-01963-K |
| Defendant. | |

## ORDER

Before the Court is the Unopposed Motion for Entry of an Order Setting a Schedule Leading Up to a Final Approval Hearing (the "Motion"). Doc. No. 94. The Court, having considered the Motion, and also having considered and accepted the Findings, Conclusions, and Recommendations of United States Magistrate Judge Rebecca Rutherford dated October 14, 2022, Doc. No. 89; Doc. No. 90, has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice Plan should be approved. Accordingly, and finding that good cause appears in the record, Plaintiffs' Motion is **GRANTED as set forth below**:

**Preliminary Approval of Settlement Agreement**

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants Dickey's Barbecue Restaurants, Inc. and Dickey's Capital Group, Inc. ("Dickey's" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court finds that the proposed Settlement with Dickey's set forth in the Settlement Agreement is fair, reasonable, and adequate, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Provisional Certification of the Settlement Class**

4.      Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) ("Settlement Class"):

> All residents of the United States who used a payment card to make a purchase at a "Dickey's Barbecue Pit®" restaurant identified in Exhibit B [of the Settlement Agreement] between April 23, 2019, and October 29, 2020. The Settlement Class specifically excludes: (i) Dickey's and its officers and directors; (ii) all Settlement Class Members who timely and validly request to opt-out from the Settlement Class; (iii) any Person who has agreed to release his or her claim(s) against Dickey's arising out of or related to the Security Incident; and (iv) the Judge assigned to evaluate the fairness of this settlement and all court personnel directly involved therewith.

2

5.     Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, as set forth in Federal Rule of Civil Procedure 23(a) and (b), are satisfied in that:

    (a)    the Settlement Class is so numerous that joinder of all members is impracticable;

    (b)    there are questions of law or fact common to the Settlement Class;

    (c)    Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

    (d)    the claims of Plaintiffs are typical of those of Settlement Class Members;

    (e)    common issues predominate over any individual issues affecting the members of the Settlement Class;

    (f)    Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

    (g)    settlement of the Actions on a class action basis is superior to other means of resolving this matter.

3

6.     The Court appoints as Co-Lead Class Counsel Ben Barnow, of Barnow and Associates, P.C.; Benjamin F. Johns, of Shub Law Firm LLC; and John A. Yanchunis, of Morgan & Morgan Complex Litigation Group having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. It also appoints as Additional Class Counsel Bruce W. Steckler and Paul D. Stickney, Steckler Wayne Cochran PLLC, Anthony L. Parkhill, Barnow and Associates, P.C.; Samantha E. Holbrook, Chimicles Schwartz Kriner & Donaldson-Smith LLP; and Brian P. Murray, Glancy Prongay & Murray LLP.

7.     The Court appoints Plaintiffs Robert Stroman, Veronica Snyder, Lashawn Parker, Demi Kostka, Vincent Jear, and Latorsha Adams to serve as Representative Plaintiffs for settlement purposes only on behalf of the Settlement Class.

## Notice to Settlement Class Members

8.     The Court approves the Notices of Pendency and Proposed Settlement of Class Action (the "Settlement Notices") and finds that the dissemination of the Notices substantially in the manner and form set forth in the Notice Plan attached to the Motion complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law and is the best notice practicable under the circumstances. Non-material modifications to the Settlement Notices may be made without further order of the Court.

9.     The notice procedures described in the Notice Plan attached to the Motion are hereby found to be the best means of providing notice under the circumstances; are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement; and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10.    The Claims Administrator is directed to carry out the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement. No later than 30 days from the date of this Order preliminarily approving the Settlement, the Claims Administrator shall initiate the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.

11.    All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Qualified Settlement Fund.

12.    The claim form attached to the Settlement Agreement satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The claim form shall

be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class member that requests one.

### Responses by Class Members and the Scheduling of a Final Approval Hearing

13.    Settlement Class Members may opt-out (the "Opt-Out Deadline") or object up to 135 days from the date of this order.

14.    Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Counsel for Dickey's and to the designated Post Office box established by the Claims Administrator on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

15.    Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class member objected to the Settlement and whether or not such Class member received consideration under the Settlement Agreement.

16.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on June 6, 2023 at 9:30 A.M. in Courtroom 1627 of the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242.

17.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the Representative Plaintiffs, shall also be heard at the time of the hearing.

18.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

19.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney.

20.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) service award requests, by serving a written objection upon Class Counsel, Dickey's counsel, and the Court.

21.     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all Persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation. To be timely, written notice of an objection in the

8

appropriate form must be filed with the Clerk of the Court no later than the Claims Deadline, and served concurrently therewith upon the Notice and Claims Administrator at the address provided in the Notice; and Dickey's Counsel, Ian C. Ballon, Esq., Greenberg Traurig, LLP, 1900 University Avenue, 5th Floor, East Palo Alto, CA 94303. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing.

22.     Objections, along with any notices of intent to appear and any supporting documents, must be filed with the Clerk of the Court no later than one hundred and thirty-five (135) days after the Preliminary Approval Order is entered. These documents must be filed with the Clerk of the Court electronically or at the following address:

U.S. District Court for the Northern District of Texas

Office of the Clerk of Court

Room 1452

1100 Commerce Street

Dallas, TX 75242

23.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b)

the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

24.    Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

25.    Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendants with respect to all of the Released Claims.

26.    Dickey's has prepared and sent, at the expense of Dickey's, all notices required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Dickey's cooperated fully in the preparation of such notices, including providing Dickey's with all information in their possession necessary for the preparation of these notices. Dickey's provided timely courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Dickey's provided notice to Class Counsel and the Court of compliance with the CAFA requirements on August 21, 2021, Doc. No. 64.

27.    The schedule by which the events referenced above should occur (or have already occurred) is as follows:

| Event | Date |
|---|---|
| Dickey's provides CAFA notice required by 28 U.S.C. § 1715(b) | Occurred on August 20, 2021 |
| Dickey's provides notice to Class Counsel and the Court of compliance with CAFA requirements | Occurred on August 21, 2021 |
| Class notice program commences | Within 30 days after entry of this Preliminary Approval Order |
| Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be filed by Class Counsel | At least 30 days before the objection deadline |
| Postmark deadline for requests for exclusion (Opt-Out) or objections | 135 days after entry of this Preliminary Approval Order |
| Postmark/filing deadline for filing claims | 135 days after entry of this Preliminary Approval Order |
| Motion for Final Approval to be filed by class counsel | At least 21 days before the Final Approval Hearing |

## Administration of the Settlement

28.     The Court hereby appoints the claims administrator proposed by the parties, Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) Providing notice of this Settlement, to the extent reasonably available, to Settlement Class Members; (b) Obtaining information, to the extent reasonably available, to establish a reasonably practical procedure to verify Settlement Class Members; (c) Effecting the notice plan as approved by the Court; (e) Establishing and maintaining a Post Office box or other mailing address for mailed written notifications of Opt-Out from the Settlement Class; (f) Establishing and maintaining the settlement website that, among other things, allows Settlement Class Members to submit claims electronically; (g) Establishing and

maintaining a toll-free telephone line for Settlement Class Members to call with settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries; (h) Responding to any mailed or emailed Settlement Class Member inquiries; (i) Mailing paper copies of the Notice and/or Claim Forms to Settlement Class Members who request them; (j) Processing all written notifications of Opt-Outs from the Settlement Class; (k) Providing reports on Opt-Out notices received; (l) In advance of the Final Fairness Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the notice plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided written notification of Opt-Out; (m) Within 60 days after the date the Judgment becomes Final, provide activation instructions and/or payment via paper checks or digital payment, either electronically or by U.S. or International Mail, to Settlement Class Members who have submitted valid claims for: (i) Credit Services or (ii) monetary compensation as set forth herein; (n) Providing weekly reports and a final report to Co-lead Class Counsel and Dickey's Counsel that summarize the number and amount of claims and Opt-Outs since the prior reporting period, the total number and amount of claims and Opt-Outs received to date, the number and amount of any claims approved and denied since the prior reporting period, the total number and amount of claims approved and denied to date, and other pertinent information as requested by Co-lead Class Counsel and Dickey's Counsel; (o) Paying all Taxes and Tax-Related Expenses from the Qualified Settlement

Fund; (p) Performing any function related to settlement administration at the agreed upon instruction of both Co-lead Class Counsel and Dickey's Counsel in a frugal and prudent manner, including, but not limited to, verifying that cash payments have been distributed; (q) Determining the validity of, and processing all claims submitted by Settlement Class Members; and (r) Establishing and overseeing the  administration of the Qualified Settlement Fund with a financial institution providing a competing interest rate for the funds to be held in the Qualified Settlement Fund.

## Claims Process and Distribution and Allocation Plan

29.    The parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section 2.3 of the Settlement Agreement and directs that the Claims Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved. Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the notice and the Claim Form. If final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be

subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

## Additional Provisions

30.    In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect; Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendants and any other released party; and the Defendants and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

31.    Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an

14

admission or concession by Dickey's as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

32.     Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the final Judgment, or until further order of this Court.

33.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

**SO ORDERED.**

Signed December 8th, 2022.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE