# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DEMI KOSTKA, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC., et al.,<br><br>Defendants. | No. 3:20-cv-3424-K<br><br>Hon. Ed Kinkeade<br><br>**Consolidated with:**<br><br>Civil Action No. 3:20-cv-3603-K<br>Civil Action No. 3:21-cv-0137-K<br>Civil Action No. 3:21-cv-0769-K |

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This cause is before the Court on Plaintiffs' Motion for Final Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Service Awards, the supporting memoranda of law, the parties' Settlement Agreement (the "Settlement Agreement"), the pleadings and other papers filed in this Action, and the statements of counsel and the parties, has determined that the proposed Settlement satisfies the criteria for approval, Plaintiffs' request for an award of attorneys' fees, reimbursement of costs and expenses, and service awards is reasonable, the proposed Settlement Class should be certified, and that notice to the Settlement Class met due process. Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED as set forth below**:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. This Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated December 8, 2022, and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of this Motion for Final Approval of Class Action Settlement.

5. Based on the papers filed with the Court, the Court now gives Final Approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arm's-length negotiations presided over by a neutral mediator, further support this finding.

6. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and for the purposes of settlement only, the following Settlement Class consisting of:

> All residents of the United States who used a payment card to make a purchase at a "Dickey's Barbecue Pit®" restaurant identified in Exhibit B [of the Settlement Agreement] between April 23, 2019, and October 29, 2020. The Settlement Class specifically excludes: (i) Dickey's and its officers and directors; (ii) all Settlement Class Members who timely and validly request to opt-out from the Settlement Class; (iii) any Person who has agreed to release his or her claim(s) against Dickey's arising out of or related to the Security Incident; and (iv) the Judge assigned to evaluate the fairness of this settlement and all court personnel directly involved therewith.

7. The Court appoints as Co-Lead Class Counsel Ben Barnow, of Barnow and Associates, P.C.; Benjamin F. Johns, of Shub & Johns LLC; and John A. Yanchunis, of Morgan & Morgan Complex Litigation Group having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. It also appoints as Additional Class Counsel Bruce W. Steckler and Paul D. Stickney, Steckler Wayne Cochran

PLLC, Anthony L. Parkhill, Barnow and Associates, P.C.; Samantha E. Holbrook, Shub & Johns LLC; and Brian P. Murray, Glancy Prongay & Murray LLP.

8. The Court appoints Plaintiffs Robert Stroman, Veronica Snyder, Lashawn Parker, Demi Kostka, Vincent Jear, and Latorsha Adams to serve as Representative Plaintiffs for settlement purposes only on behalf of the Settlement Class.

9. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is too numerous for their joinder to be practicable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Representative Plaintiffs and Co-Lead Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Litigation.

10. The Court has determined that the Notice given to the Settlement Class members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Fed. R. Civ. P. 23, applicable law, and the due process clause of the U.S. Constitution.

11. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

12. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against the Released Persons. The Court adjudges that the Released Claims

and all of the claims described in the Settlement Agreement are released against the Released Persons.

13. The Court adjudges that the Plaintiffs and all Settlement Class members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, as set forth in the Settlement Agreement.

14. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings related to the Released Claims maintained by or on behalf of Representative Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives, and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Persons may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. No Settlement Class Members submitted timely and proper requests for exclusion.

16. Representative Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Parties.

4

17. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: (1) the Court finds that there is no evidence of fraud or collusion behind the settlement; (2) the Court finds the complexity, expense, and likely duration of the litigation supports the Settlement; (3) the Court concludes that Representative Plaintiffs and Co-Lead Class Counsel analyzed ample discovery to analyze the Settlement; (4) the Settlement represents a fair compromise between the Settling Parties; (5) the Settlement is within the range of recovery that Representative Plaintiffs and the Settlement Class could have obtained in the litigation; (6) the opinions of Co-Lead Class Counsel, Representative Plaintiffs, and the Settlement Class support approval; (7) Co-Lead Class Counsel and the Representative Plaintiffs have adequately represented the Settlement Class; and (8) the Settlement treats Settlement Class Members equitably relative to each other.

18. The Court approves the Service Award in the amount of $_____ for each of the Representative Plaintiffs, Robert Stroman, Veronica Snyder, Lashawn Parker, Demi Kostka, Vincent Jear, and Latorsha Adams, and specifically finds such amount to be reasonable in light of the services performed by Representative Plaintiffs for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. Neither this Final Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Persons of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendants or any of the other Released Persons. The Final Approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Representative Plaintiffs, the Settlement Class Members, or Defendants.

20. No objections were filed in this matter. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds no reason to delay entering this Final Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order.

21. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Order and do not limit the rights of the Settlement Class Members.

22. Without affecting the finality of this Final Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

**SO ORDERED.**

ENTERED: _____  _____
                                                                          Hon. Ed Kinkeade
                                                                          United States District Court Judge